UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BARRY MCMILLIAN                                                    PLAINTIFF

v.                                              Civil Action No. 1:24CV199-GHD-RP

CITY OF ABERDEEN, MISSISSIPPI; et al.                             DEFENDANTS

---

### OPINION

Presently before the Court is the Defendant City of Aberdeen's motion to dismiss [7] the Plaintiff's claims in this employment discrimination matter. Upon due consideration and for the reasons set forth below, the Court finds the motion should be granted in part and denied in part. The Plaintiff's age discrimination and federal and state constitutional due process claims will be dismissed. The Defendant's motion will be denied as to the Plaintiff's claim for retaliation under Title VII and his claim under the Family Medical Leave Act; as to those claims, however, the Plaintiff shall be required to file an amended complaint to replead those claims.

### I.     Background

The Defendant City of Aberdeen employed the Plaintiff as an at-will laborer in the Water Department from September 2021 until December 2023. Early in his employment, in March 2022, the Plaintiff filed an EEOC charge of discrimination alleging race discrimination in connection with the commencement of his employment.[1] Nearly two years later, in December 2023, the Defendant City terminated the Plaintiff's employment,

---

[1] The Plaintiff filed a separate lawsuit related to this EEOC Charge (1:24-CV-198). The claims the Plaintiff asserted in that lawsuit have been dismissed [Doc. 27, in 1:24-CV-198].

stating that the ground for termination was because the Plaintiff asked a co-worker to clock him in for work on a day he was actually absent.

The Plaintiff timely filed an EEOC charge of discrimination related to his retaliation claim [1-1], received a right-to-sue letter [1-2], and timely filed his complaint in this matter related to his retaliation claim [1]. The Plaintiff also filed a complaint with the United States Department of Labor ("DOL") alleging that the City violated his rights under the Family Medical Leave Act ("FMLA"); the DOL subsequently sent the Plaintiff a letter informing him of the completion of the DOL investigation and informing the Plaintiff of his right-to-sue [1-3].

In his complaint, the Plaintiff alleges retaliation under Title VII, age discrimination under the ADEA, violations of the FMLA, and procedural due process violations under the United States and Mississippi Constitutions [1]. The Defendant City has now moved to dismiss the Plaintiff's claims. The Plaintiff has responded in opposition and the motion is ripe for the court's ruling.

## II.    Legal Standard

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555–558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp.2d 734, 737–38 (S.D. Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a motion to dismiss under Rule 12(b)(6), the court's review is limited to the live Complaint and any documents attached to it. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d at 324).

A Complaint should only be dismissed under Rule 12(b)(6) after affording ample opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is

clear amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena*, 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley*, 405 F.2d 496, 496–97 (5th Cir. 1968); *Collins v. Westlake Financial Servs.*, No. SA-25-CV-00021-JKP, 2025 WL 756205, at \*2 (W.D. Tex. Mar. 10, 2025). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt*, 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds the plaintiff alleged his best case or if amendment would be futile. *Foman*, 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

### III. Analysis

The Plaintiff asserts the Defendant City violated: (1) Title VII by retaliating against him because of his March 2022 charge of discrimination; (2) the ADEA by discriminating against him because of his age; and (3) the FMLA. The Plaintiff's complaint also asserts due process claims under both the United States and Mississippi constitutions.

#### *Age Discrimination*

To bring a claim of discrimination under Title VII or the ADEA, a plaintiff must first exhaust his administrative remedies. *Jennings v. Towers Watson*, 11 F.4th 335, 342 (5th Cir. 2021) (*citing Melgar v. T.B. Butler Publ'g Co.*, 931 F.3d 375, 378–79 (5th Cir. 2019) (per curiam) (citation omitted)). To properly exhaust administrative remedies, a plaintiff must file a charge with the EEOC. *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006).

The Plaintiff's age discrimination claim fails because he did not file a charge of discrimination related to this claim with the EEOC, nor did he include it in the charge he

4

did file that was solely related to his retaliation claim. Thus, the Court finds that the Plaintiff failed to exhaust his administrative remedies. Courts have held that a plaintiff is generally precluded from bringing claims outside the scope of the EEOC charge, and that a complaint is limited to the scope of the EEOC investigation which "can reasonably be expected to grow out of the charge of discrimination." *Mack v. John L. Wortham & Son, L.P.*, 541 F. App'x 348, 358 (5th Cir. 2013); see also *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)).

Here, the Plaintiff not only failed to check the box for "AGE" on his charge form but also failed to make *any* factual allegations in the charge regarding age discrimination. An EEOC investigation into the Plaintiff's allegations of retaliation in his charge form would not reasonably lead the EEOC to then investigate a charge of age discrimination. *Spears v. Jefferson Parish School Bd.*, No. 13-6266, 2014 WL 2739407, at *11 (E.D. La. Jun. 17, 2014). Thus, the Plaintiff's purported age discrimination claim must be dismissed for failure to exhaust administrative remedies.[2] See, e.g., *McCloud v. McDonough*, No. 22-10357, 2023 WL 2525656, at *2 (5th Cir. Mar. 15, 2023); *Kamak v. Mem. Hermann Health Sys.*, No. 22-20044, 2022 WL 7319941, at *2 (5th Cir. Oct. 13, 2022).

---

[2]     Failure to exhaust administrative remedies usually results in a dismissal without prejudice. *Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 607 (5th Cir. 2007). When exhaustion is no longer possible because the claims would be time-barred, however, dismissal may be with prejudice. *Id.* Although administrative exhaustion requirements are potentially subject to tolling, the Fifth Circuit has held that tolling is disfavored and "should be applied only in exceptional cases." *Hull v. Emerson Motors/Nidec*, 532 Fed. App'x 586, 588 (5th Cir. 2013). No such exceptional circumstances exist here – the Plaintiff was aware of the facts giving rise to his ADEA claim at the time he filed his retaliation charge and has provided no valid reason for omitting his age claim from the charge. In sum, because the Plaintiff's age discrimination claim would be time-barred if he filed a charge at this delayed juncture, the Court shall dismiss this claim with prejudice.

*Title VII Retaliation*

Title VII makes it unlawful for an employer to discriminate against an employee because the employee has opposed an unlawful employment practice or because the employee has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing related to potentially unlawful employment practices. 42 U.S.C. § 2000e-3. To state a claim for retaliation under Title VII, a plaintiff must allege: (1) he engaged in a protected activity, (2) he was subjected to a materially adverse action, and (3) there is a causal connection between the protected activity and the materially adverse action. *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023).

Here, the Defendant argues the Plaintiff's retaliation claim should be dismissed because his complaint fails to adequately allege the required causal link between his protected activity and his termination, which occurred twenty months after the Plaintiff's subject charge of discrimination. Upon review of the Plaintiff's complaint, the Court finds that, while it is a close call, the Plaintiff should be permitted to amend his complaint as to this claim to more fully provide a factual basis for the claim, particularly with respect to the required causal connection that must be present to sufficiently state a retaliation claim.

*The Plaintiff's Family Medical Leave Act Claim*

The Plaintiff has asserted a claim in his complaint for violations of the FMLA [1, at pp. 4-5]. In support of his claim, he attached to the complaint a letter from the United States Department of Labor ("DOL") that demonstrates he filed a complaint with that agency regarding the alleged FMLA violations [1-3]. The letter further demonstrates that the DOL opined that the Defendant had violated the FMLA with respect to the Plaintiff [1-3]. The Court cannot, however, discern from the complaint or the DOL letter the nature or

the basis of the Plaintiff's claim. While the Defendant argues that the Plaintiff has failed to state a viable claim under the FMLA, the Court finds the better approach at the present juncture is to permit the Plaintiff to amend his complaint to more fully and adequately plead his claim. Accordingly, as with the Plaintiff's retaliation claim, the Court shall deny the Defendant's motion to dismiss this claim and permit the Plaintiff to amend his complaint to more fully provide a factual basis for this claim.[3]

### IV.    Conclusion

For all of the foregoing reasons, the Court finds the Defendant's motion to dismiss should be granted in part and denied in part. The portion of the Defendant's motion seeking dismissal of the Plaintiff's claims for age discrimination and due process violations shall be granted and those claims dismissed; the portion of the Defendant's motion seeking dismissal of the Plaintiff's claims for Title VII retaliation and for violations of the Family Medical Leave Act shall be denied, with the Plaintiff permitted to amend his complaint to more fully provide a factual basis for those claims.

An order in accordance with this opinion shall issue this day.

This, the 2nd day of July, 2025.

_____
SENIOR U.S. DISTRICT JUDGE

---

[3]    Finally, the Court notes the Plaintiff's response fails to rebut any of the arguments the Defendant has made regarding the Plaintiff's due process claims under the U.S. and Mississippi Constitutions. A party's failure to defend a claim in a response to a motion to dismiss constitutes abandonment and subjects the claim to dismissal. *Tex. Cap. Bank N.A. v. Dallas Roadster, Ltd. (In re Dallas Roadster, Ltd.)*, 846 F.3d 112, 126 (5th Cir. 2017); *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588, n.1 (5th Cir. 2006). Accordingly, the Court finds that the Plaintiff has abandoned his due process claims and those claims shall be dismissed.