IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | | |
|---|---|---|
| BARRY MCMILLIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-199-GHD-RP |
| | ) | |
| THE CITY OF ABERDEEN | ) | |
| AND JOHN DOES 1-20, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**REPLY IN SUPPORT OF NON-PARTY EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S MOTION TO QUASH PLAINTIFF'S SUBPOENA DUCES TECUM**
_____

As detailed in the EEOC's Motion to Quash (Doc. No. 44), Plaintiff's subpoena *duces tecum* should be quashed pursuant to Federal Rule of Civil Procedure 45(d)(3) because it subjects the EEOC—a non-party to this litigation—to undue discovery burdens and seeks disclosure of information protected by legal privileges and statutory confidentiality requirements. The subpoena imposes an undue burden because it demands information available to Plaintiff in party discovery, because it is facially overbroad and lacks particularity, because it seeks internal EEOC materials with no relevance to this lawsuit, and because it circumvents administrative procedures the EEOC has established for the precise purpose of providing individuals with the disclosable portions of their EEOC charge files. *See* Doc. 44 at 3-8. Moreover, the subpoena makes no allowance for the fact that EEOC charge files may contain information reflecting the government's deliberative processes, conciliation processes, attorney-client communications, and attorney work product, all of which are protected from disclosure. *See* Doc. 44 at 8-13.

1

Plaintiff's response scarcely addresses these arguments. Plaintiff has not acknowledged, let alone distinguished, this district court's admonition that "Rule 45 subpoenas are not meant to circumvent the regular discovery process under Rules 26 and 34." *Adelsheimer v. Carroll Cnty., Miss.*, No. 4:22-CV-055-MPM-JMV, 2024 WL 86866, at *3 (N.D. Miss. Jan. 8, 2024) (citation omitted); *see also* Doc. No. 44 at 4 (Mot. to Quash) (citing *Adelsheimer*). Nor has Plaintiff responded to the persuasive teaching of another federal district court that stated, "a party seeking EEOC records should submit a Freedom of Information Act (FOIA) request directly to the EEOC rather than subpoenaing the records from the EEOC or seeking a court order." *Conley v. Chrysler Fin. Co.*, No. 00-cv-2236-KHV, 2000 WL 1375297, at *1 (D. Kan. Aug. 31, 2000); *see also* Doc. 44 at 7-8 (citing *Conley*). Plaintiff declares that he "is seeking more than the 'bare bones' public records that the EEOC is trying to force him to take and receive," Doc. 50 at 10, but he has not explained what information relevant to this lawsuit he believes he cannot obtain through the EEOC's established administrative procedures.[1]

Instead of addressing the legal standards and authorities pertinent to the EEOC's motion, Plaintiff urges enforcement of his subpoena based on several mistaken premises. First, Plaintiff contends that his subpoena should be enforced because "time is of the essence." Doc. 50 at 9. Second, Plaintiff avers that "[a]ll of the information in [his] EEOC file is relevant to this lawsuit." *Id.* at 10. Third, Plaintiff states that "the EEOC will not bear significant expenses since they are already in possession of the Plaintiff's charge file." *Id.* at 11. Each assertion lacks merit.

---

[1] Plaintiff states that he "is in need of the investigative notes from his case worker(s)." Doc. 50 at 10. However, as discussed in the EEOC's motion, the factual content of Plaintiff's charge file is available to him through the agency's established administrative procedures, and any subjective assessments of Plaintiff's charge of discrimination or the resulting investigation recorded in federal investigators' notes would be both privileged and irrelevant. *See* Doc. 44 at 6-13.

2

Plaintiff has shown no exigency warranting a departure from the EEOC's established administrative procedures for providing individuals with the non-privileged and disclosable contents of their EEOC charge files. Trial of this matter is many months away. *See* Doc. 50 at 9 ("[Plaintiff] has a trial date set for October 19, 2026."). Plaintiff therefore has ample time to request his charge file through the EEOC's FOIA and/or Section 83 procedures.[2] Those procedures have been available to Plaintiff since he filed the instant lawsuit in October 2024. Plaintiff would already have the disclosable contents of his charge file had he promptly requested it upon commencing this litigation. If Plaintiff elects to submit a request under the agency's administrative procedures, the EEOC will be able to respond to any questions Plaintiff may have about the contents of the disclosable charge file in their proper context.

Plaintiff has failed to show how the portions of his EEOC charge file covered by legal privileges and/or statutory confidentiality requirements have any relevance to this litigation. As discussed in the EEOC's motion, notes or memoranda reflecting EEOC personnel's impressions of Plaintiff's EEOC charge and the resulting investigation are wholly irrelevant to the ongoing litigation because this lawsuit is a *de novo* proceeding in which the presiding judge and jury will independently weigh the facts and law put before them. *See* Doc. 44 at 6-7. It is well-settled that irrelevant information falls outside the bounds of civil discovery. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense* and proportional to the needs of the case . . . .") (emphasis added).

Plaintiff is simply wrong in asserting that the EEOC "will not bear significant expenses" if required to comply with his subpoena "since [the EEOC is] already in possession of the Plaintiff's

---

[2] *Cf.* EEOC, *Questions and Answers: FOIA Requests for Charge Files*, available at https://www.eeoc.gov/foia/questions-and-answers-foia-requests-charge-files (last accessed Nov. 19, 2025) (discussing the 20-working-day period allowed for federal agencies' FOIA responses and the circumstances that may warrant brief ten-day extensions or tolling.).

charge file." *Cf.* Doc. 50 at 11. Plaintiff's subpoena did not merely request his EEOC "charge file." Instead, the subpoena's sweeping language would require the EEOC to identify and produce "certified copies of any and all records, documents, correspondence, emails, books, papers, photographs, including but not limited to the investigating officers' emails, notes, memorandums, correspondence, the results of the investigations, exhibits entered at a hearing, all statements, any and all tangible or intangible things, and etc., that are in relation to Barry McMillian's EEOC Charge No. 423202400292." Doc. 44-1 (Subpoena). As detailed in the EEOC's motion, this facially overbroad subpoena would saddle the EEOC with significant and unwarranted search, review, and production burdens. *See* Doc. 44 at 5-6. For example, Plaintiff's demand for "any and all tangible or intangible things" that might conceivably be "in relation to [the referenced EEOC charge]" would require the EEOC to find and produce every email, list, log, or paper that so much as states the referenced charge number. Many such administrative materials would have no relevance to this litigation, but all would require extensive pre-production review and redaction to safeguard the confidentiality of other EEOC charges unrelated to Plaintiff.

As the EEOC has consistently told Plaintiff since receiving his subpoena, the agency stands ready to respond to a records request submitted in accordance with its established FOIA procedures[3] or the expedited procedures for disclosing charge file records set forth in Section 83 of the EEOC Compliance Manual.[4] The EEOC annually receives hundreds or thousands of requests for charge files. To efficiently and correctly respond to such a volume of requests, the EEOC must adhere to its established disclosure procedures. Plaintiff can readily obtain all of the information that any individual who has previously filed a charge of discrimination with the EEOC is entitled to receive through those procedures. Plaintiff has identified nothing unique or urgent

---

[3] *See* Freedom of Information Act | U.S. Equal Employment Opportunity Commission.
[4] *See* Section 83 Disclosure of Information in Charge Files | U.S. Equal Employment Opportunity Commission.

4

related to this lawsuit that warrants casting those procedures aside for a facially overbroad Rule 45 subpoena served on a non-party federal agency.

Finally, Plaintiff's request that the Court impose sanctions against the EEOC in connection with the instant subpoena lacks merit. "In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena." *MMR Constructors, Inc. v. JB Grp. of LA, LLC*, No. 22-cv-267, 2024 WL 6043985, at *3 (M.D. La. Mar. 28, 2024) (quoting Fed. R. Civ. P. 45(g), Advisory Committee Notes to the 2013 Amendments). Here, far from engaging in any conduct that would support a finding of contempt, the EEOC has acted at all times in good faith and in accordance with the requirements of Federal Rule of Civil Procedure 45. Plaintiff initially demanded a response to the subpoena within seven days of service, *see* Doc. 44-1, ignoring case law stating that such a short response deadline is unreasonable, *see Mem'l Hospice, Inc. v. Norris,* No. 2:08-cv-048, 2008 WL 4844758, at *1 (N.D. Miss. Nov. 5, 2008) ("Fed. R. Civ. P. 45 provides that a subpoena may be quashed if it 'fails to allow reasonable time for comply[,]' . . . [and] courts have ruled that allowing a single week for compliance is insufficient."); *see also Smith v. Tulane Univ.*, No. 24-cv-392, 2024 WL 3595455, at *3 (E.D. La. July 30, 2024) ("Fifth Circuit jurisprudence provides that anything less than fourteen days is likely unreasonable."). After the EEOC explained that it needed more time to determine how to respond to the subpoena, Plaintiff agreed to extend the response deadline to September 19, 2025. The EEOC then timely served Plaintiff with a letter containing objections to the subpoena on September 4, 2025. *See* Fed. R. Civ. P. 45(d)(2)(B) (stating that objections must be served by the earlier of the subpoena response deadline or 14 days after the subpoena was served). Rather than engaging in any dialogue about the EEOC's objections, Plaintiff's counsel stated that he intended

5

to seek sanctions absent full compliance with the subpoena. The EEOC therefore timely sought relief in accordance with Federal Rule of Civil Procedure 45(d)(3).

## CONCLUSION

For the reasons set forth herein and in the EEOC's Motion to Quash Plaintiff's Subpoena *Duces Tecum* (Doc. No. 44), the EEOC respectfully submits that Plaintiff's subpoena (Doc. 44-1) should be quashed and that Plaintiff's request for sanctions against the EEOC (*see* Doc. 50 at 11) should be denied.

Respectfully submitted this 19th day of November, 2025,

>*/s/ Benjamin G. Cain*
>Benjamin G. Cain (DC Bar No. 1046636)
>Acting Assistant Regional Attorney
>U.S. Equal Employment Opportunity Commission
>Dr. A. H. McCoy Federal Building
>100 West Capitol Street, Suite 338
>Jackson, MS 39269
>Tel.: 769.487.6907
>benjamin.g.cain@eeoc.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on November 19, 2025, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will electronically send notification of the filing to all attorneys of record.

                                            */s/ Benjamin G. Cain*

                                            Benjamin G. Cain