IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BARRY MCMILLIAN                                                    PLAINTIFF

v.                                                                                             No. 1:24-CV-199-GHD-RP

THE CITY OF ABERDEEN                                         DEFENDANTS

## ORDER

This matter is before the court on Non-Party Equal Employment Opportunity Commission's Motion to Squash Plaintiff's Subpoena Duces Tecum. ECF 44. The plaintiff opposes the motion. The court finds the motion is well taken and should be granted.

### Relevant Procedural Background

The plaintiff Barry McMillian brought this action seeking the recovery of damages and other relief against the defendant The City of Aberdeen for alleged Title VII retaliation and violations of the Family Medical Leave Act. Before filing his complaint, the plaintiff presented a charge of discrimination to the Equal Employment Opportunity Commission – Charge No. 423-2024-00292 – and thereafter received a right to sue letter. In connection with the present lawsuit, the plaintiff served EEOC with a subpoena duces tecum commanding production of the following:

> Any and all records, documents, correspondence, emails, books, papers, photographs, including but not limited to the investigating officers' emails, notes, memorandums, correspondence, the results of the investigation, exhibits entered at the hearing, all statements, any and all tangible or intangible things, and etc., that are in relation to Barry McMillian's EEOC Charge No. 423202400292.

ECF 44-1.

Counsel for EEOC contacted plaintiff's counsel, summarized EEOC's objections to the

subpoena, and requested that plaintiff's counsel withdraw the subpoena in favor of seeking records through EEOC's Freedom of Information Act (FOIA) process or through the process set forth in Section 83 of EEOC's Compliance Manual, which request plaintiff's counsel refused. EEOC thereafter formally served the plaintiff with EEOC's objections to the subpoena in compliance with Federal Rule of Civil Procedure 45(d)(2)(B). After plaintiff's counsel threatened to seek sanctions if EEOC did not produce documents responsive to the subpoena, EEOC filed the present motion to quash the subpoena, arguing it would subject EEOC to undue burden and because it seeks privileged or protected information. The court agrees.

## Law and Analysis

Federal Rule of Civil Procedure 45 imposes a duty on those responsible for issuing and serving subpoenas to "take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." FED. R. CIV. P. 45(d)(1). The Rule also requires the court to quash or modify a subpoena that "subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A)(iv). In determining whether a subpoena presents an undue burden, the court considers the following factors: (1) the relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). When the respondent is a non-party, "the court may also consider the expense and inconvenience to the non-party." *Id*. Further, the court may find that a subpoena presents an undue burden when it is "facially overbroad." *Id.* The court must also quash or modify a subpoena "that requires disclosure of privileged or other protected matter, if no exception or waiver applies." FED. R. CIV. P. 45(d)(3)(A)(iii).

In the present case, the plaintiff's subpoena commands production of any and all information – tangible or intangible – conceivably related to the subject EEOC charge. As EEOC points out, this would require EEOC to allocate significant resources to locate and produce every email, list, log, or paper, including administrative materials outside the charge file, that so much as reference the subject charge number, much of which information, EEOC argues without contradiction by the plaintiff, has no possible relevance to the claims or defenses in this action and would also require extensive pre-production review to redact confidential information regarding other, unrelated EEOC charges.

EEOC also points out, without contradiction by the plaintiff, that much of the information encompassed by the subpoena's broad request – which would include correspondence between the plaintiff or her representatives and EEOC, as well as correspondence between EEOC and the defendant employer or its representatives – is presumably also in the plaintiff's own possession or is available from the defendant through party discovery. This is not an appropriate use of Rule 45 subpoenas, which "are not meant to circumvent the regular discovery process under Rule 26 and 34." *Adelsheimer v. Carroll County, Mississippi*, No. 4:22-CV-055-MPM-JMV, 2024 WL 86866, at *3 (N.D. Miss. Jan. 8, 2024).

The plaintiff's subpoena also makes no attempt to exempt from production information that is privileged or protected. To the contrary, the subpoena specifically requires disclosure of the investigating officers' emails, notes, correspondence (which would include internal correspondence), memoranda, and results of EEOC's investigation. EEOC points out, without contradiction by the plaintiff, that these materials would include privileged communications between EEOC staff and counsel and protected information about EEOC's deliberative process, such as EEOC's analysis of information obtained, witness credibility evaluations, personal

opinions of EEOC staff, and EEOC's decision-making process. *See EEOC v. Pinal County Sheriff's Office*, 714 F.Supp.2d 1073, 1078 (S.D. Cal. 2010) (holding such information protected by "deliberative process" privilege and quashing subpoena requiring EEOC director's deposition); *Jiminez v. Paw-Paw's Camper City, Inc.*, No. CIV. A. 00-1756, 2001 WL 1445027, at *1-2 (E.D. La. Nov. 14, 2001) (quashing subpoena for EEOC file on same grounds).

Finally, as EEOC points out, it has administrative procedures – pursuant to FOIA and Section 83 of EEOC's Compliance Manual – that are available to charging parties to obtain information in their charge files while allowing EEOC to avoid undue burden and expense and to adhere to applicable confidentiality restrictions. "[A] party seeking EEOC records should submit a Freedom of Information Act (FOIA) request directly to EEOC rather than subpoenaing the records from the EEOC or seeking a court order." *Conley v. Chrysler Financial Company, L.L.C.*, No. CIV.A. 00-2236-KHV, 2000 WL 1375297, at *1 (D. Kan. Aug. 31, 2000) (denying plaintiff's motion for order requiring EEOC to produce records relating to plaintiff's EEOC charge) (citing *Scott v. Leavenworth Unified School Dist. No. 453*, 78 F.Supp.2d 1198 (D. Kan. 1999)). *See also Bogus v. City of Birmingham, Alabama*, No. 2:17-cv-00827-TMP, 2019 13268139, at *2 (N.D. Ala. Mar. 7, 2019) ("Virtually all non-privileged parts of the EEOC file can be obtained from other sources, reducing the justification for burdening the EEOC with producing them.") (granting EEOC's motion to quash subpoenas where plaintiff obtained substantially all non-privileged parts of her charge file in discovery via defendant employer's FOIA request).

## Conclusion

For the above reasons, the Non-Party Equal Employment Opportunity Commission's

Motion to Quash Plaintiff's Subpoena Duces Tecum [ECF 44] is GRANTED. The Clerk is directed to mail a copy of this order to EEOC's counsel at the address provided in the motion.

**SO ORDERED**, this the 9th day of January, 2026.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE