IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION


BARRY MCMILLIAN                                    PLAINTIFF

VS.                         CIVIL ACTION NO.: 1:24-CV-199-SA-RP

THE CITY OF ABERDEEN
AND JOHN DOES 1-20                                DEFENDANTS



*****************************************************

DEPOSITION OF CAROLYN ODOM

*****************************************************

TAKEN AT THE ABERDEEN CITY HALL BOARDROOM
125 WEST COMMERCE STREET
ABERDEEN, MISSISSIPPI 39730
ON FEBRUARY 26, 2026
BEGINNING AT APPROXIMATELY 11:24 A.M.




APPEARANCES NOTED HEREIN




Reported by:     VALERA H. KNIGHT, CCR #1039
                 P.O. BOX 82
                 TAYLOR, MS 38673
                 (662) 816-9863
                 valeraknight@gmail.com

EXHIBIT P

APPEARANCES:

Representing the Plaintiff:
DEMOREO REDDICK, ESQ.
Ms. Bar No.: 103747
P.O. Box 465
Okolona, MS 38860
Telephone:  662-436-4641
Telecopier:  662-256-3582
reddicklawfirm@yahoo.com

Also Present:  Barry McMillian, Plaintiff

Representing the Defendants:
LOGAN P. WALKER, ESQ.
PHELPS DUNBAR LLP
1905 Community Bank Way, Suite 200
Flowood, Mississippi 39232
Telephone:  601-352-2300
Telecopier:  601-360-9777
loden.walker@phelps.com

EXHIBIT P

A.    No.

Q.    Do you think you probably tried to interfere with him trying to obtain his FMLA benefits for September 9, 2023 -- I mean for September 2023?

A.    Did I --

Q.    Yes.

A.    -- interfere with him trying to get that?

Q.    Yes, with his FMLA benefits.

A.    No, I did not.

Q.    Okay.  And in reference to Mr. McMillian, he tried to get his FMLA leave in September to cover his surgery for September of 2023 and he also tried to use his FMLA benefits to cover his November 27, 2023 date in which he missed work.  Do you think that the City of Aberdeen retaliated against him for trying to get his FMLA benefits to cover the November 27, 2023?

A.    No.

Q.    Okay.  What about yourself?  Did you --

A.    No.

Q.    -- retaliate against him for trying to get his FMLA benefits for November 7th, 2023 --

A.    No.

Q.    -- to cover that date?  Your answer is?

A.    No.

Q.    Okay.  All right.

EXHIBIT P

BY MR. REDDICK: I don't have any other questions.

EXAMINATION BY MR. WALKER:

Q. All right. Ms. Odom, I just have a couple of questions, and it's just because I probably got a little bit confused there.

A. No. I'm confused.

Q. It's okay. And so whenever I go back reading the transcript, I just want to make sure I'm clear --

A. Okay.

Q. -- on some of your testimony. Do you recall one of the first things that you testified to when you were asked, you know, "Why did you vote in favor of terminating Barry McMillian," and you answered, "Because I felt like Barry was embezzling time from the city."

A. (Deponent moved head up and down.)

Q. Is that a yes?

A. Yes.

Q. Okay. So my question to you is, is the reason you voted in favor of terminating Barry McMillian is because you felt like he was embezzling time from the city?

A. Yes.

EXHIBIT P

Q.   Okay.  And then I think opposing counsel also asked you if you knew the definition of embezzlement.  I know that's a legal term of art, but also people, everyone generally knows what embezzlement means.  And I think you responded -- and I'm paraphrasing, but I believe you said, "I wouldn't have fired Mr. McMillian if I didn't know what embezzlement was"; is that right?

A.   That's correct.  It's taking something that is not yours.  He was -- he wanted to be paid for time that he weren't -- wasn't there.

Q.   And so when you said that really you're -- you are reinforcing what you said earlier when you said, "I voted in favor of terminating Barry because I felt like he was embezzling time from the city"; is that right?

A.   That's correct.

Q.   All right.  And then I'll represent to you -- I know you weren't sitting in here yesterday, and so opposing counsel may lodge an objection and that's fine.  But I'll represent to you that Alderman Cain testified yesterday during his deposition that Mr. Barry McMillian's 2022 EEOC charge wasn't even brought up or discussed during the December 5, 2023 board meeting.

EXHIBIT P

BY MR. REDDICK: Objection. I'm going to say that's not going to be relevant to what she does and does not know.

Q. (Mr. Walker continued): Would you agree with him --

A. Uh-huh.

Q. -- that the 2022 charge wasn't brought up or even discussed during that meeting?

A. That's exactly right, because it was -- all we were doing in that meeting was about him not being at work and still had been clocked in for him.

Q. The embezzling time?

A. Right, that was the embezzlement. And that's what I thought this was about today.

Q. When you say "this," you mean the deposition?

A. The deposition.

Q. Okay. Do you recall the words "Family Medical Leave Act" coming up during the December 5, 2023 meeting?

A. No.

Q. Okay. What about the acronym FMLA?

A. No.

Q. Okay.

EXHIBIT P

C E R T I F I C A T E

I, Valera Knight, Court Reporter and Notary Public within and for the State of Mississippi, do hereby certify that the above and foregoing pages contain a full, true and correct transcript of the proceedings had in the afore-named case at the time and place indicated, which proceedings were recorded by me to the best of my skill and ability.

I also certify that I placed the deponent under oath to tell the truth and that all answers were given under that oath.

I further certify that I have no interest, monetary or otherwise, in the outcome of this action.

Witness my hand and seal on this 16th day of March, 2026.

_____
Valera Knight
My Commission Expires:     CCR #1039
March 21, 2029            Notary Public

EXHIBIT P