| **ALJ** | Mississippi Department of Employment Security \| M \| D \| E \| S \| <br> ## ADMINISTRATIVE LAW JUDGE DECISION |  |

Date Mailed: 02/22/2024

Docket Number: ▮▮▮▮▮

## PARTIES INVOLVED

**APPELLANT**

Claimant SSN: \*\*\*-\*\*-1641

BARRY MCMILLIAN
(b)(6), (b)(7)(C)
ABERDEEN MS 39730

**OPPONENT**

MDES EAN: (b)(6), (b)(7)(C)

CITY OF ABERDEEN
PO BOX 3218
BATON ROUGE LA 70821

## CASE HISTORY

The claimant appealed a determination of the Mississippi Department of Employment Security, which concluded that the claimant was discharged for misconduct connected with the work. The claimant was disqualified for benefits from October 4, 2008, until he has been re-employed and earned eight times his weekly benefit amount.

A telephonic hearing before the Administrative Law Judge was held on February 5, 2024, at which time the claimant, an attorney for the claimant, and witnesses for the employer and an attorney for the employer participated. The claimant's attorney charged for services and the statutory amount was established.

## ISSUE

The issues to be considered in the case are whether the claimant is entitled to benefits based on reason for separation from employment, and whether the employer's experience rating record is chargeable for benefits which may be paid to the claimant.

## FINDINGS OF FACT

Based upon testimony and evidence presented, the Administrative Law Judge finds as follows:

The claimant worked for the City of Aberdeen (herein, employer) beginning September 21, 2021, as a labor employee with the Water Department in Aberdeen, Mississippi, ending on December 19, 2023.

The employer discharged the claimant for stealing time which is grounds for termination. The claimant was made aware of the employer's policies.

During an investigation it was discovered the claimant violated time keeping policies. The claimant did not report to work on November 27, 2023. However, he had a co-worker entered his time in the timekeeping system. The co-worker admitted to entering the claimant's time at his request.

It was determined the claimant was in violation of policy and he was discharged on December 5, 2023, in accordance with policy. The co-worker who violated policy received a three day suspension but was not discharged. The employer has not provided a reasonable explanation for the difference in the level of discipline that was given.

## REASONING AND CONCLUSION

Section 71-5-513 A (1) (b) of the Mississippi Employment Security Law provides that an individual shall be disqualified for benefits for the week or fraction thereof which immediately follows the day on which he was discharged for misconduct connected with the work, if so found by the Department, and for each week thereafter until he has earned remuneration for personal services equal to not less than eight times his weekly benefit amount as determined in each case.

Section 71-5-355 of the Mississippi Employment Security Law provides, in part, that an employer's experience rating record shall be chargeable with benefits paid to a claimant, provided that an employer's experience rating record shall not be chargeable if the Department finds that the claimant left work voluntarily without good cause connected with the work, was discharged for misconduct connected with the work, or refused an offer of available, suitable work with the employer.

**EXHIBIT**

12

MMN 02/25/24

Exhibit U

2452
www.mdes.ms.gov

Mississippi Department of Employment Security is an equal opportunity employer. Auxiliary aids and services are available upon request to individuals with disabilities.

43055036

R-11/2021

Date Mailed:  02/22/2024

Docket Number: ▓▓▓▓▓

Mississippi Department of Employment Security Regulation 308.00 provides that: A. For purposes of Mississippi Code Section 71-5-513, misconduct shall be defined as including but not limited to: 1. The failure to obey orders, rules or instructions, or failure to discharge the duties for which an individual was employed; a. An individual shall be found guilty of employee misconduct for the violation of an employer rule only under the following conditions: i. the employee knew or should have known of the rule; ii. the rule was lawful and reasonably related to the job environment and performance; and iii. the rule is fairly and consistently enforced. 2. A substantial disregard of the employer's interests or of the employee's duties and obligations to the employer; 3. Conduct which shows intentional disregard - or if not intentional disregard, utter indifference - of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of the employee; or 4. Carelessness or negligence of such degree or recurrence as to demonstrate wrongful intent.

In Wheeler vs. Arriola, 408 So. 2d 1381 (Miss. 1982), the Mississippi Supreme Court held that "the meaning of the term 'misconduct,' as used in the unemployment compensation statute, was conduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of the standards of behavior which the employer has the right to expect from his employees. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertencies and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered 'misconduct' within the meaning of the statute."

The employer discharged the claimant for theft of company time. The claimant was aware of the employer's policy regarding this violation. There was another employee involved in this violation. However, this employee was reprimanded, but was not discharged.

The employer's right to terminate an employee is not being questioned. However, the employer has not provided sufficient evidence proving the policy was fairly enforced in this case. The employer has not failed to provide substantial, clear, and convincing evidence proving the claimant was discharged for misconduct as that term is defined. The decision rendered by the Department is not in order.

| **DECISION** |
| --- |

The determination of the Mississippi Department of Employment Security is reversed. If otherwise eligible, the claimant is entitled to the receipt of benefits. The employer is a reimbursable employer.

**Dated and mailed on 02/22/2024.**

*Loventrice Walker*

_____

Loventrice Walker
Administrative Law Judge

43055036

R-11/2021

Mississippi Department of Employment Security is an equal opportunity employer.
Auxiliary aids and services are available upon request to individuals with disabilities.