IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BARRY MCMILLIAN                                                    PLAINTIFF

vs.                                        CIVIL ACTION NO.: 1:24-CV-199-GHD-RP

CITY OF ABERDEEN, MISSISSIPPI
AND JOHN DOES 1-20                                                DEFENDANTS

### PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS INTRODUCTION AND DEFINITIONS INTERROGATORIES

COMES NOW the Plaintiff, Barry McMillian, by and through his undersigned attorney of record, and submits these, his Plaintiff's Responses to First Set of Interrogatories and Requests for Production of Documents Propounded Upon Plaintiff by Defendant, the City of Aberdeen as follows:

**INTERROGATORY NO. 1:** Please identify the person(s) answering these interrogatories and all persons assisting or providing information in preparing same.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion

Exhibit DD

EXHIBIT
C
Barry McMillian

from lay witnesses. However, without waiving said objections, the Plaintiff, Barry McMillian is the person who assisted his counsel in providing information in response to these interrogatories.

**INTERROGATORY NO. 2:** Please state your full name, nicknames or aliases, current address, telephone number, Social Security number, and date of birth.

RESPONSE: Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. However, without waiving said objections, the Plaintiff's name is Barry Lee McMillian. He resides at 905 High Extension, Aberdeen, MS 39730. He was born on 10-26-76. SSN: 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. The Plaintiff's nickname is Bomac.

**INTERROGATORY NO. 3:** Please identify by name, address, and telephone number each person known to you or your attorneys to have discoverable knowledge that would tend to support or refute any claim, defense, or element of damages in this action. With regard to each person identified, please specifically state any and all knowledge they are believed to have regarding this suit. This interrogatory is continuing in nature.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client

privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. However, without waiving said objections, please see the individuals named in the Plaintiff's initial disclosures. The Plaintiff is not aware of anyone who was not named in the Plaintiff's initial disclosures that would have discoverable information about the incident in question. Also, Shea Cain name is misspelled in the Plaintiff's initial discourses. The Plaintiff listed Shea Cain as Shea Crain in his initial disclosures. Lamarcus Thompson is misnamed as Marcus Holiday in the Plaintiff's initial discourse. Also, Lamarcus Thompson was the general manager over the electrical department for the City of Aberdeen, and he would know of the Plaintiff's initial EEOC lawsuit that was initially dismissed, but now has been appealed, which is filed in the U.S. District Court, Northern District, as *McMillian vs. The City of Aberdeen*, Cause No.: 2024-198. Any caseworker for the EEOC, U.S. Department of Labor Wage, or the Mississippi Department of Employment Security may have information that is the subject of this lawsuit. EEOC: Address: 100 W Capitol St # 338, Jackson, MS 39269, Phone: (769) 487-6910. U.S. Department of Labor and Wage, Address: Dr. A. H. McCoy Federal Building, 100 W Capitol St #725, Jackson, MS 39201, Phone: (601) 965-4347. MS Department of Employment Security, Address: 1235 Echelon Pkwy, Jackson, MS 39213, Phone: (601) 321-6000.

**INTERROGATORY NO. 4:** Identify any and all persons who are believed to have knowledge of any statements (whether oral, written, on audiotape or videotape, or in any other form) made by any employees, agents or representatives of Defendant, which supports or tends to support the allegations of the Complaint. For each such person, identify:

(a)     the person's name, address and telephone number;

(b)     the statement or statements allegedly made, whether verbally or in writing or in any other form; and

(c)     the name, address and telephone number of the person or persons having custody of any document, audiotape or videotape containing such statement(s) and describe each such document, audiotape or videotape.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. However, without waiving said objections, see the Plaintiff's Complaint and the Plaintiff's initial disclosures. Also, the City of Aberdeen Board Aldermen voted to terminate the Plaintiff's in retaliation of his previous EEOC charge and because of him filing for FMLA leave. This vote would in reference to the minutes for December 5, 2023, and the City of Aberdeen would have possession of those documents. The former Mayor Charles Scott is also responsible for the termination and retaliation claims made by the Plaintiff because he initiated the Plaintiff's termination at the aforementioned board meeting. Also, Triron Brown was suspended by the City of Aberdeen and the Plaintiff was terminated at the aforementioned board meeting for the incident

that occurred on or around November 27, 2023. The Plaintiff has already provided the phone numbers that he has available for the individuals that were responsible for that vote in his initial disclosures. The text message from Triron Brown to the Plaintiff has already been provided in the Plaintiff's initial disclosures. Also, see the plaintiff's initial disclosures. The EEOC, FMLA, and the Mississippi Department of Employment Security should have statements that should be in the Plaintiff's favor; however, he is unsure. The Plaintiff has subpoenaed the records for those aforementioned departments. This is not an all-inclusive list. Additionally, these are some of the statements that the Plaintiff can think of at this time. The Plaintiff reserves the right to supplement this response. See attachments.

**INTERROGATORY NO. 5:** Please identify any person, excluding their attorney(s), with whom Plaintiff has spoken or communicated in any way regarding the subject matter of this lawsuit, and for each person, identify:

(a)     the person's name;

(b)     the statement or statements allegedly made by Plaintiffs, whether verbally or in writing or in any other form;

(c)     the date Plaintiffs made any alleged statements; and

(d)     the name, address and telephone number of the person or persons having custody of any document, audiotape or videotape containing such statement(s) and describe each such document, audiotape or videotape.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. However, without waiving said objections, the Plaintiff verbally talked to his girlfriend, Jennifer Barksdale, and Bobbie Jean Davidson about this case and how the City of Aberdeen terminated him, but not Triron Brown. Jennifer Barkdale, 280 Jones Dr., Columbus, 39701, Ph: 662-769-4098. Bobbie Davidson, 814 Hwy 145, Aberdeen, MS 39730, Ph: 662-436-6231. To the best of the Plaintiff's recollection and belief there were no documents, audio tapes, or video tapes exchanged between him and Jennifer Barksdale or Bobbie Jean Davidson.

**INTERROGATORY NO. 6:** Identify all documents and/or tangible things known by you to exist, and the location and custodian of each document, that tend to support or contradict the allegations made in Plaintiff's Complaint.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion

from lay witnesses. However, without waiving said objections, please see the Plaintiff's initial disclosures and the attachments.

**INTERROGATORY NO. 7:** Describe in detail and with specificity any and all photographs, videotapes, audiotapes or other recordings, by whatever means produced, which you contend may be relevant to the claims in this case, including all photographs, tapes or recordings of any agent, employee, or former agent or employee of Defendant, in your possession or of which you have knowledge, including in the description of the contents of such, the present location of such, the person(s) portrayed in such, the person(s) responsible for such and the date(s) such were made.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. However, without waiving said objections, please see the Plaintiff's initial disclosures and attachments.

**INTERROGATORY NO. 8:** Please itemize any and all damages to which you contend you are entitled by virtue of the allegations raised in your Complaint, including documentation of how you arrived at your damages claims, the specific calculations demonstrating why you are entitled to this amount, identification of all documents you contend support your claim for damages, and identification of all witnesses believed to have information or knowledge concerning your claim for damages.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. However, without waiving said objections, the Plaintiff, is not sure what the full value of his damages are at this time because he has not completed discovery at this time and because he feels that is for a jury to decide. Also, the Plaintiff reserves the right to amend this response when more information becomes available. However, the Plaintiff at a minimum, should entitled to his itemized expenses as follows: 1. Approximately, $20,800.00, which includes lost wages, which dates from the day the Plaintiff was terminated by the City of Aberdeen on December 5, 2023, until the time he gained employment with the City of Columbus. 2. The Plaintiff's medical expenses that he should be compensated for are $47.43. 3. Additionally at a minimum, should also be reimbursed his out-of-pocket expenses and attorney fees which are involved in this matter. See attachments.

**INTERROGATORY NO. 9:** To the extent you seek damages for emotional and mental distress, please identify each witness to the alleged emotional and distress, and for each, state:

    (a)     His/her name, address and telephone number;

    (b)    When he/she witnessed the alleged distress; and

(c)     A complete factual statement of the information you believe each witness will testify about concerning your claims of emotion or mental distress.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. However, without waiving said objections, due to the City of Aberdeen's actions and inactions, starting from on around December 6, 2023 the Plaintiff was moody and had anxiety and the plaintiff's son, Lequabise McMillian, and his girlfriend, Jeffier Blarksdale observed the Plaintiff's behavior. The Plaintiff, at this time, is not sure of the complete factual statements of the information that each witness will testify about concerning his claims of emotion or mental distress. Jennifer Barkdale, 280 Jones Dr., Columbus, 39701, Ph: 662-769-4098. Lequabise McMillian 905 High Extension, Aberdeen, MS 39730, Ph: 6662-319-5125. The Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 10:** To the extent you seek damages for emotional and mental distress, please identify all documents you have which tend to support or contradict your claim for emotional and mental distress damages.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and

Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. Without waiving said objections, see documents.

**INTERROGATORY NO. 11:** Please state the name and address of each and every hospital, clinic, institution, medical doctor, osteopathic doctor, health care provider, psychologist, psychiatrist, physical therapist, counselor, and clergy member with whom or by which you were treated, examined or counseled within five (5) years immediately preceding the incident upon which your complaint is based for any physical or emotional injury or other physical or mental condition, and for each, please state:

    (a)    name, address and telephone number;

    (b)    the date or dates of each such treatment, examination or consultation; and

    (c)    the reason or reasons for each such treatment, examination or consultation and the nature of the treatment, examination or consultation you received, and

    (d)    identify all documents or records concerning such treatment and the individual(s) in possession of said documents.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. Without waiving said objections, the Plaintiff, from 2020-2025, went to the following providers about his mental health: Monroe Regional, 400 S. Chestnut St. Aberdeen, Mississippi 39730, Ph: 662-369-2455, Monroe Regional in Columbus, MS, and Verona Family Medicine and Urgent Care, 5024 Raymond Avenue, Tupelo, Mississippi 38801. The Plaintiff went to Monroe Regional in Aberdeen, MS and Rehab Solutions for treatment for an auto accident injury that obtained while on the job, for the City of Aberdeen. The Plaintiff went to Dr. Terry Penson through North Mississippi Medical Center for gall bladder surgery. The Plaintiff also went to the Verona Family Medicine and Urgent Care for a Worker's Compensation case that was for the City of Aberdeen for an incident that happened 2023. The Plaintiff went to Dr. Yarbough in Memphis, TN, who is a specialist that he visited in reference to the aforementioned case with the City of Aberdeen. The City of Aberdeen is fully aware of who the Plaintiff visited in reference to his Worker's Compensation claim. The Plaintiff went for a cold at the Baptist Memorial Hospital in Columbus, Mississippi in September 2023. The Plaintiff is not aware each and every date that he went to a hospital or clinic, but that is the places he remembers at this time. The Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 12:** Please state and describe with particularity any and all medical or psychiatric treatment you received as a result of the allegations levied in the complaint, including the physician or healthcare provider who rendered such treatment; the date(s) such treatment was rendered; and the physician or healthcare provider's prognosis concerning your future condition, and for each please state:

    (a)    name, address, telephone number and area of specialty;

    (b)    the date or dates of each such treatment, examination or consultation; and

    (c)    the reason or reasons for each such treatment, examination or consultation and the nature of the treatment, examination or consultation received by you, and

    (d)    identify all documents or records concerning such treatment and the individual(s) in possession of said documents.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. Without waiving said objections, Monroe Regional in Columbus,

MS, and Verona Family Medicine and Urgent Care, 5024 Raymond Avenue, Tupelo, Mississippi 38801. The Plaintiff is not aware of all of the dates. See attachments.

**INTERROGATORY NO. 13:** Please state and itemize all medical expenses you allegedly incurred, including all hospital, drug, doctor, counseling or any other related medical bills, which you contend were necessitated as a result of the purported actions or inactions of Defendant and identify all documents relating to such medical expenses.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. Without waiving said objections, the Plaintiff took **Alprazolam,** because he was suffering from anxiety and depression due to the incident in question. This has cost him $47.43 up to date of this response. See attachments.

**INTERROGATORY NO. 14:** Please list and identify all drugs or medication prescribed to and/or used by you during the last five (5) years, including the name of the physician who prescribed each type of drug or medication, and the reason therefore, and the name and addresses of all pharmacies where your prescriptions were filled.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and

seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. Without waiving said objections, the Plaintiff, from 2020-2025, went to the following providers about his mental health:

1. Alprazolam, Charles Easton, Monroe Regional prescribed the Plaintiff this medication for anxiety and being mentally depressed and stressed from the negative encounters and the wrongful terminations that the Plaintiff incurred while being employed with the Aberdeen School District and the City of Aberdeen.

2. Ozempic, diabetes, Kimerly James from Monroe Regional prescribed this medicine to the Plaintiff.

Also, Monroe Regional Pharmacy, in Aberdeen, MS fills his prescription.

**INTERROGATORY NO. 15:** Please state whether you have ever been arrested for a criminal violation; if so, please state the charge, whether the charge was a misdemeanor or felony; the case number, style, and jurisdiction of any such criminal action against you; and the ultimate disposition of the case (*i.e.*, conviction, charges dropped, pled *nolo contendere*, etc.).

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's

concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. However, without waiving said objections, the Plaintiff has never been convicted for a crime involving trustworthiness.

**INTERROGATORY NO. 16:** Please identify any prior lawsuits or legal proceedings to which you have been a party, including any EEOC complaints, unemployment filings, or bankruptcy proceedings. For each lawsuit or legal proceeding, including EEOC complaints, unemployment filings, or bankruptcy proceedings: (a) describe the nature of the proceeding; (b) describe the outcome or resolution of the proceeding; (c) the cause number or other identifying number; (d) court wherein the case was filed; and (e) parties and attorneys involved.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. However, without waiving said objections, the Plaintiff has had a workers' compensation claim in which he was hit by another driver in 2022. He does not remember that case number, however, State Farm or Farm Bureau reimbursed workers' comp for paying his medical bills on the front end. Also, State Farm or Farm Bureau paid the Plaintiff for his injuries. The Plaintiff filed a racial discrimination lawsuit against the Aberdeen School District in the federal court, and that case is styled, *McMillian v. Aberdeen School District*, Cause No.: 1:22-cv-00117-SA. The status of that case is that the Plaintiff won his case via a jury trial, in which the jury

found in his favor. Additionally, there are other issues that are still ongoing in that case. The Plaintiff field a racial discrimination lawsuit against the City of Aberdeen, *styled McMillian vs. The City of Aberdeen*, Cause No.: 24-198, that case in on appeal. See attachments.

**INTERROGATORY NO. 17:** Please provide your complete work history to date, including name, address and phone number of each employer, dates you were employed, position held, salary or hourly rate of pay, and reason for leaving. This response should include all entities you have been employed by, as well as any self-employment or any other work for which you have been compensated.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. However, without waiving said objections,

1. 2006-2021-The Aberdeen School District, the Plaintiff started as a Janitor making around 9-10 dollars and hour, then he went to working in the cafeteria, in which he was making around 11 dollars an hour. From 2020-2021, he worked as a maintenance man, and he was making around 18 dollars an hour. The Plaintiff was terminated by the Aberdeen School District, due to racial discrimination. The Plaintiff won his discrimination lawsuit in reference to that matter.

2. 2022-2023, The City of Aberdeen Water Dept, a labor worker, the Plaintiff made 12-13 dollars an hour during his tenure there. The Plaintiff was terminated due to retaliation, improper denial of requested FMLA leave, FMLA retaliation, and etc.

3. October 2024-present, The Columbus Municipal School District, bus driver making 24.30-25 dollars an hour. Mechanic assistant, making 13.41-13.68 dollars an hour. The Plaintiff salary can go up due to cost-of-living increases being added to his salary.

**INTERROGATORY NO. 18**: Please itemize and explain all economic losses you allegedly incurred as a result of the purported actions or inactions of Defendant and identify all documents relating to such losses.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. However, without waiving said objections, the Plaintiff, is not sure what the full value of his damages are at this time because he has not completed discovery at this time and because he feels that is for a jury to decide. Also, the Plaintiff reserves the right to amend this response when more information becomes available. However, the Plaintiff at a minimum, should entitled to his itemized expenses which were approximately $20,800.00, which includes lost wages, which dates from the day the Plaintiff was terminated by the City of Aberdeen on December 5, 2023, until the time he gained employment with the City of Columbus. This does not include that

the Plaintiff also got shorted and denied overtime due to Mayor Charles Scott (currently ex Mayor), retaliating against him for filing an EEOC case against the City of Aberdeen and also because he filed for FMLA leave. The Plaintiff has subpoenaed the U.S. Department of Labor and Wage for his records in reference to this lawsuit that can assist in responding to this interrogatory, however, he has not received these requested documents yet. Therefore, the Plaintiff reserves the right to supplement this response.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Please produce all statements and documents identified in response to Interrogatory Numbers 3 and 4.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. Subject to and without waiving his objections, see the Plaintiff's initial discourses. See attachments. The Plaintiff reserves the right to supplement this response.

**REQUEST NO. 2:** Please produce all documents and/or tangible things that tend to support or contradict the allegations made in Plaintiff's Complaint, identified in response to Interrogatory Number 5.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and

Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. Subject to and without waiving his objections, see the Plaintiff's initial discourses. See attachments. The Plaintiff reserves the right to supplement this response.

**REQUEST NO. 3:** Please produce all documents and/or tangible things that tend to support or contradict the allegations made in Plaintiff's Complaint, identified in response to Interrogatory Numbers 6.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. Subject to and without waiving his objections, see the Plaintiff's initial discourses. See attachments. The Plaintiff reserves the right to supplement this response.

**REQUEST NO. 4:** Please produce any photographs, video tapes, audio tapes, computer diskettes, or any other recordings of any type which relate in any way to the claims, possible defenses, or element of damages in this suit.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. Subject to and without waiving his objections, see the Plaintiff's initial discourses. See attachments. The Plaintiff reserves the right to supplement this response.

**REQUEST NO. 5:** Please produce all documents and/or tangible things that tend to support or contradict the allegations made in Plaintiff's Complaint, identified in response to Interrogatory Number 7.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. Subject to and without waiving his objections, see the Plaintiff's initial discourses. See attachments. The Plaintiff reserves the right to supplement this response.

**REQUEST NO. 6:** Please produce all documents and/or tangible things that tend to support or contradict the allegations made in Plaintiff's Complaint, identified in response to Interrogatory Number 8.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. Subject to and without waiving his objections, see the Plaintiff's initial discourses. See attachments. The Plaintiff reserves the right to supplement this response.

**REQUEST NO. 7:** Please produce all documents and/or tangible things that tend to support or contradict the allegations made in Plaintiff's Complaint, identified in response to Interrogatory Number 9.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion

from lay witnesses. Subject to and without waiving his objections, see the Plaintiff's initial discourses. See attachments. The Plaintiff reserves the right to supplement this response.

**REQUEST NO. 8:** Please produce all documents and/or tangible things that tend to support or contradict the allegations made in Plaintiff's Complaint, identified in response to Interrogatory Number 10.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. Subject to and without waiving his objections, see the Plaintiff's initial discourses. See attachments. The Plaintiff reserves the right to supplement this response.

**REQUEST NO. 9:** Please produce all documents and/or tangible things that tend to support or contradict the allegations made in Plaintiff's Complaint, identified in response to Interrogatory Number 11.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's

concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. Subject to and without waiving his objections, see the Plaintiff's initial discourses. See attachments. The Plaintiff reserves the right to supplement this response.

**REQUEST NO. 10:** Please produce all documents and/or tangible things that that tend to support or contradict the allegations made in Plaintiff's Complaint, identified in response to Interrogatory Number 12.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. Subject to and without waiving his objections, see the Plaintiff's initial discourses. See attachments. The Plaintiff reserves the right to supplement this response.

**REQUEST NO. 11:** Please produce all documents and/or tangible things that that tend to support or contradict the allegations made in Plaintiff's Complaint, identified in response to Interrogatory Number 13.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions,

conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. Subject to and without waiving his objections, see the Plaintiff's initial discourses. See attachments. The Plaintiff reserves the right to supplement this response.

**REQUEST NO. 12:** Please produce all documents and/or tangible things that that tend to support or contradict the allegations made in Plaintiff's Complaint, identified in response to Interrogatory Number 14.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. Subject to and without waiving his objections, see the Plaintiff's initial discourses. See attachments. The Plaintiff reserves the right to supplement this response.

**REQUEST NO. 13:** Please produce all documents and/or tangible things that that tend to support or contradict the allegations made in Plaintiff's Complaint, identified in response to Interrogatory Number 17.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege,

the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. Subject to and without waiving his objections, see the Plaintiff's initial discourses. See attachments. The Plaintiff reserves the right to supplement this response.

**REQUEST NO. 14:** Please produce all documents and/or tangible things that that tend to support or contradict the allegations made in Plaintiff's Complaint, identified in response to Interrogatory Number 18.

    **RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. Subject to and without waiving his objections, see the Plaintiff's initial discourses. See attachments. The Plaintiff reserves the right to supplement this response.

**REQUEST NO. 15:** In the Case Management Order, you agreed to provide Defendants with a signed and notarized HIPAA authorization. Please execute all Authorizations attached to this Request for Production of Documents (following the Certificate of Service) in regard to each Plaintiff and return same to Defendants' counsel after the Authorizations have been properly notarized. These Authorizations should be signed by a legally authorized individual.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. Subject to and without waiving his objections, see attachments.

**REQUEST NO. 16:** Please produce any and all e-mails, text messages, documents, or things of any kind that relate in any way to the allegations and/or claims in the Complaint.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. Subject to and without waiving his objections, see the Plaintiff's initial discourses. See attachments. The Plaintiff reserves the right to supplement this response.

**REQUEST NO. 17:** Please produce any and all documents, reports, communications, and/or tangible things that tend to support or contradict your claim for economic damages.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and

Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. Subject to and without waiving his objections, see the Plaintiff's initial discourses. See attachments. The Plaintiff reserves the right to supplement this response.

**REQUEST NO. 18:** Please produce any and all documents, reports, communications, and/or tangible things that tend to support or contradict your claim for non-economic losses.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. Subject to and without waiving his objections, see the Plaintiff's initial discourses. See attachments. The Plaintiff reserves the right to supplement this response.

**REQUEST NO. 19:** Please produce any and all documents or reports which you contend support or contradict any of the allegations referenced in the Complaint.

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and

seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. Subject to and without waiving his objections, see the Plaintiff's initial discourses. See attachments. The Plaintiff reserves the right to supplement this response.

Respectfully submitted this, the 21st day of November, 2025.

By: /s/ DeMoreo Reddick, Esq.
DEMOREO REDDICK, ESQ.
COUNSEL FOR THE PLAINTIFF

OF COUNSEL:

REDDICK LAW FIRM, PLLC
DEMOREO REDDICK, ESQ.
MS BAR NO.: 103747
P.O. BOX 465
OKOLONA, MS 38860
PH: 662-436-4641
FAX: 662-256-3582

## VERIFICATION

STATE OF MISSISSIPPI

COUNTY OF __Lowndes_____

     Barry McMillian, the Plaintiff, having been duly sworn, pursuant to the Federal Rules of

Civil Procedure, to verify the foregoing Answers to the City of Aberdeen's First Set of

Interrogatories.  He affirms under penalties for perjury that all information contained in these

answers are true and correct to the best of his knowledge, information, and belief.

_____
BARRY MCMILLIAN


11/20/2025
_____
DATE

## CERTIFICATE OF SERVICE

I, DeMoreo Reddick, attorney for the Plaintiff, hereby certify that the foregoing document have been delivered to all counsel of record, either by delivering a copy of same through the United States mail, first class postage prepaid, hand delivery, or electronic delivery, this the 21st day of November, 2025.

/s/ DeMoreo Reddick, Esq.
DEMOREO REDDICK, ESQ.

**Docusign**

## Certificate Of Completion

Envelope Id: 1B2F847B-A7B4-4358-840B-2FE84EEACD69
Subject: 2025-10-30-Plaintiff's Discovery Resposnes to the City of Aberdeen-199-5.pdf
Source Envelope:

| | | |
|---|---|---|
| Document Pages: 30 | Signatures: 1 | Status: Completed |
| Certificate Pages: 1 | Initials: 0 | Envelope Originator: |
| AutoNav: Enabled | | Barry Mcmillian |
| EnvelopeId Stamping: Disabled | | Bmcmillian1026@gmail.com |
| Time Zone: (UTC-08:00) Pacific Time (US & Canada) | | IP Address: 108.144.8.52 |

## Record Tracking

| | | |
|---|---|---|
| Status: Original | Holder: Barry Mcmillian | Location: DocuSign |
| 11/20/2025 4:54:51 PM | Bmcmillian1026@gmail.com | |

| Signer Events | Signature | Timestamp |
|---|---|---|
| Barry Mcmillian | | Sent: 11/20/2025 4:54:52 PM |
| Bmcmillian1026@gmail.com | | Viewed: 11/20/2025 4:55:00 PM |
| Security Level: Email, Account Authentication (None) | | Signed: 11/20/2025 4:59:12 PM |
| | | Freeform Signing |
| | Signature Adoption: Drawn on Device | |
| | Using IP Address: 108.144.8.52 | |
| | Signed using mobile | |
| Electronic Record and Signature Disclosure: | | |
| Not Offered via Docusign | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 11/20/2025 4:54:52 PM |
| Certified Delivered | Security Checked | 11/20/2025 4:55:00 PM |
| Signing Complete | Security Checked | 11/20/2025 4:59:12 PM |
| Completed | Security Checked | 11/20/2025 4:59:12 PM |

| Payment Events | Status | Timestamps |
|---|---|---|