**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**BARRY MCMILLIAN** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.: 1:24-CV-199-GHD-RP**

**CITY OF ABERDEEN, MISSISSIPPI
AND JOHN DOES 1-20** **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**

This is a Title VII, § 1981, and FMLA employment case, in which Plaintiff Barry McMillian is suing his former employer, Defendant the City of Aberdeen, alleging retaliation and FMLA interference. Defendant filed a motion for summary judgment, which is currently pending. Motion [110]. Because Defendant's motion should be granted, this Court need not reach this Motion in Limine. Out of an abundance of caution, however, Defendant submits the following in limine request in compliance with the Court's deadline and requests an Order prohibiting Plaintiff from requesting a specific amount of non-economic damages at trial.

Plaintiff should not be allowed to suggest a specific dollar amount of non-economic damages to the jury. Federal Rule of Civil Procedure 26 requires each party to disclose "a computation of each category of damages claimed by the disclosing party[.]" FED. R. CIV. P. 26(a)(1)(A)(iii). Additionally, the disclosing party must supplement or correct this disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(1)(A).

*Canaski v. Mid Mississippi Properties, Inc.*, No. 1:15-CV-344, 2017 WL 4533655, at *3–4 (S.D. Miss. Jan. 18, 2017), collects cases throughout the Fifth Circuit on this very point. The cited authorities recognize that, if a plaintiff intends to suggest a specific dollar amount of damages at trial, such amount must be itemized and disclosed to the defendant during discovery. *Id.*

Here, Plaintiff did not itemize and disclose his purported non-economic damages in his initial disclosures or in response to Defendant's interrogatories. More specifically, in initial disclosures, Plaintiff disclosed that he was "not sure what the full value of his damages":

> **iii. A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**
>
> The Plaintiff, is not sure what the full value of his damages are at this time because he has not completed discovery at this time and because he feels that is for a jury to decide. Also, the Plaintiff reserves the right to amend this response when more information becomes available. However, the Plaintiff at a minimum, should entitled to his itemized expenses which were approximately $20,800.00, which includes lost wages, which dates from the day the Plaintiff was terminated by the City of Aberdeen on December 5, 2023, until the time he gained employment with the City of Columbus. However, the Plaintiff at a minimum, should be reimbursed his out-of-pocket expenses and attorney fees which are involved in this matter.

Plaintiff repeated this in his interrogatory response:

> **INTERROGATORY NO. 8:** Please itemize any and all damages to which you contend you are entitled by virtue of the allegations raised in your Complaint, including documentation of how you arrived at your damages claims, the specific calculations demonstrating why you are entitled to this amount, identification of all documents you contend support your claim for damages, and identification of all witnesses believed to have information or knowledge concerning your claim for damages.

> **RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(1) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. However, without waiving said objections, the Plaintiff, is not sure what the full value of his damages are at this time because he has not completed discovery at this time and because he feels that is for a jury to decide. Also, the Plaintiff reserves the right to amend this response when more information becomes available. However, the Plaintiff at a minimum, should entitled to his itemized expenses as follows: 1. Approximately, $20,800.00, which includes lost wages, which dates from the day the Plaintiff was terminated by the City of Aberdeen on December 5, 2023, until the time he gained employment with the City of Columbus. 2. The Plaintiff's medical expenses that he should be compensated for are $47.43. 3. Additionally at a minimum, should also be reimbursed his out-of-pocket expenses and attorney fees which are involved in this matter. See attachments.

Accordingly, providing a specific dollar amount to the jury would be inappropriate because Turner "did not satisfy the disclosure requirements of Rule 26 with regard to those damages." *Canaski*, 2017 WL 4533655, at *4.

* * *

If this motion is not rendered moot by the pending summary judgment motion, Defendant the City of Aberdeen respectfully requests that its motion in limine be granted in full.

Dated: August 28, 2026.

Respectfully submitted,

**PHELPS DUNBAR, LLP**

BY: */s/ Loden P. Walker*

G. Todd Butler, MB #102907
Loden P. Walker, MSB #105996
1905 Community Bank Way, Suite 200
Flowood, Mississippi 39232
Post Office Box 320159
Flowood, Mississippi 39232
Telephone: 601-352-2300
Telecopier: 601-360-9777
todd.butler@phelps.com
loden.walker@phelps.com

**ATTORNEYS FOR DEFENDANT CITY OF ABERDEEN**

**CERTIFICATE OF SERVICE**

I, Loden P. Walker, do hereby certify that I have this date electronically filed the above and foregoing *MEMORANDUM IN SUPPORT* with the Clerk of the Court using the CM/ECF system which gave notice to all counsel of record, including:

DeMoreo Reddick
Reddick Law Firm, PLLC
P.O. Box 465
Okolona, MS 38860
662-436-4641
reddicklawfirm@yahoo.com

***Attorney for Plaintiff Barry McMillian***

So certified, this the 28th day of August, 2026.

*/s/ Loden P. Walker*
Loden P. Walker



PD.63631622.1