**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
MISSISSIPPI
ABERDEEN DIVISION**

**BARRY MCMILLIAN** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.: 1:24-CV-199-GHD-RP**

**CITY OF ABERDEEN, MISSISSIPPI
AND JOHN DOES 1-20** **DEFENDANTS**

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE**

Plaintiff Barry McMillian respectfully requests this Court deny the Defendant's Motion in Limine seeking to prohibit Plaintiff from requesting a specific amount of non-economic damages at trial.

## ARGUMENT

### I. Under Fifth Circuit Precedent, Non-Economic Damages Are Inherently Subjective and Exempt from Rigid Rule 26(a) Mathematical Computations.

The Defendant argues that Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires a specific, line-by-line mathematical computation for non-economic damages, and that Plaintiff's failure to provide one during discovery should result in a total ban from providing one at trial. This argument fundamentally misinterprets federal disclosure standards. The U.S. Court of Appeals for the Fifth Circuit has explicitly addressed this exact issue, holding that non-economic damages for emotional distress, pain, and suffering are necessarily vague and belongs exclusively to the province of the jury. In ***Williams v. Trader Publishing Co., 218 F.3d 481 (5th Cir. 2000)***, the Fifth Circuit held:

> *"Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C). See Burrell v. Crown Central Petroleum, Inc., 177 F.R.D. 376, 386 (E.D.Tex. 1997)." See Williams v. Trader Publishing Co.,* 218 F.3d 481 (5th Cir. 2000).

Because mental anguish, emotional distress, anxiety, humiliation, and loss of life's enjoyment cannot be quantified using an accounting spreadsheet, a plaintiff cannot be punished under Federal Rules of Civil Procedure Rule 26 for failing to calculate the incalculable during discovery. Plaintiff fully complied with his obligations by honestly informing Defendant in his Initial Disclosures and Interrogatory responses that he was seeking non-economic damages, but that the ultimate valuation was a question for a jury to decide. Here, Plaintiff did itemize his out of pocket expenses in response to the Defendant's interrogatories and his initial disclosures. In reference to the Plaintiff's non-economic damages the Plaintiff stated that was for a jury to decide in his initial disclosures and in response to the Defendant's interrogatories. More specifically, in initial disclosures, the Plaintiff disclosed the following "The Plaintiff, is not sure what the full value of his damages are at this time because he has not completed discovery at this time and because he feels that is for a jury to decide. Also, the Plaintiff reserves the right to amend this response when more information becomes available. However, the Plaintiff at a minimum, should entitled to his itemized expenses which were approximately $20,800.00, which includes lost wages, which dates from the day the Plaintiff was terminated by the City of Aberdeen on December 5, 2023, until the time he gained employment with the City of Columbus." The Plaintiff's aforementioned response to non-economic damages in his initial disclosures was stated as follows:

**iii. A computation of each category of damages claimed by the disclosing party- who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

The Plaintiff, is not sure what the full value of his damages are at this time because he has not completed discovery at this time and because he feels that is for a jury to decide. Also, the Plaintiff reserves the right to amend this response when more information becomes available. However, the Plaintiff at a minimum, should entitled to his itemized expenses which were approximately $20,800.00, which includes lost wages, which dates from the day the Plaintiff was terminated by the City of Aberdeen on December 5, 2023, until the time he gained employment with the City of Columbus. However, the Plaintiff at a minimum, should be reimbursed his out of-pocket expenses and attorney fees which are involved in this matter.

Plaintiff repeated that calculating non-economic damages is a "jury question" in his interrogatory response as follows:

**INTERROGATORY NO. 8: Please itemize any and all damages to which you contend you are entitled by virtue of the allegations raised in your Complaint, including documentation of how you arrived at your damages claims, the specific calculations demonstrating why you are entitled to this amount, identification of all documents you contend support your claim for damages, and identification of all witnesses believed to have information or knowledge concerning your claim for damages.**

**RESPONSE:** Plaintiff objects to responding to this interrogatory on the basis that it seeks production of documents beyond Rule 26(b)(1) of the Mississippi Rules of Civil Procedure and Rule 26(b)(l) of the Federal Rules of Civil Procedure, is overly broad, vague, and ambiguous, and seeks production of documentation that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and that otherwise constitutes the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Plaintiff's concerning the litigation and is an improper contention Interrogatory and seeks a legal conclusion from lay witnesses. However, without waiving said objections, the Plaintiff, is not sure what the full value of his damages are at this time because he has not completed discovery at this time and because he feels that is for a jury to decide. Also, the Plaintiff reserves the right to amend this response when more information becomes available. However, the Plaintiff at a minimum, should entitled to his itemized expenses as follows: I. Approximately, $20,800.00, which includes lost wages, which dates from the day the Plaintiff was terminated by the City of Aberdeen on December 5, 2023, until the time he gained employment with the City of Columbus. 2. The Plaintiff's medical expenses that he should be compensated for are $47.43. 3. Additionally, at a minimum, should also be reimbursed his out-of-pocket expenses and attorney fees which are involved in this matter. See attachments.

**II. Defendant Suffered Zero Unfair Surprise or Prejudice.**

The purpose of Federal Rules of Civil Procedure under Rule 26(a) and Rule 37, with Rule 37 being in reference to a party failing to make disclosures or cooperate in Discovery and the repercussions of said failure(s), is to prevent "trial by ambush." There is no ambush here. The Plaintiff's Amended Complaint stated as follows: "Furthermore, the Plaintiff has suffered mental anxiety, emotional distress, and lost income as a result of the Defendants' actions. Moreover, Plaintiff is entitled to an order reinstating him to his employment." *See* [Document 34], the Plaintiff's Amended Complaint, paragraph 11. The Plaintiff explicitly requested non-economic damages in his amended Complaint when he asked for compensatory damages that were to be determined by a jury, thereby placing the Defendant on formal notice *See* [Document 34], Plaintiff's Amended Complaint, Prayer for relief, Subsection (b) The Plaintiff in his initial disclosures and in his response to the Defendant's interrogatories transparently laid out his economic losses (approx. $20,800.00 in lost wages and $47.43 in medical expenses) while explicitly reserving the valuation of his subjective non-economic suffering for the jury. Moreover, the Defendant had ample opportunity to investigate this matter. The Defendant possessed Plaintiff's medical records, knew the core facts of his termination, and had every opportunity to cross-examine Plaintiff during his deposition regarding the depth of his emotional distress and emotional trauma that is in reference to this lawsuit.

**III. Defendant Waived This Discovery Objection by Waiting Until the Eve of Trial.**

Defendant relies on *Canaski v. Mid Mississippi Properties, Inc.* to claim the Plaintiff violated discovery rules. However, if Defendant genuinely believed Plaintiff's discovery responses were legally deficient, the Federal Rules required Defendant to promptly meet and confer, and file a Motion to Compel under the Federal Rules of Civil Procedure pursuant to Rule

37, before the close of discovery. Instead, the Defendant did nothing for months, sat on Plaintiff's discovery responses, and waited until the eve of trial to weaponize a pre-trial evidentiary motion. A motion in limine is designed to regulate the admissibility of prejudicial evidence; it is not an alternative vehicle to police stale discovery disputes or to seek a backdoor summary judgment to destroy a properly pleaded category of damages. By failing to move to compel during the discovery window, Defendant waived any right to object now.

## CONCLUSION

Non-economic damages are a question of fact for the jury under Fifth Circuit law, and because Defendant had complete notice of the claims, Plaintiff should be permitted to argue his case fully at trial, including proposing a fair and reasonable framework for those damages to the jury. For the reasons articulated in this supporting memorandum, the Plaintiff respectfully asks this Court to deny the Defendant's in limine request in full.

Respectfully submitted, this the 11th day, of September, 2026.

By: /s/ DeMoreo Reddick, Esq.
DEMOREO REDDICK, ESQ.
COUNSEL FOR THE
PLAINTIFF

OF COUNSEL:

REDDICK LAW FIRM, PLLC
DEMOREO REDDICK, ESQ.
MS BAR NO.: 103747
P.O. BOX 465
OKOLONA, MS 38860
PH: 662-436-4641
FAX: 662-256-3582

## CERTIFICATE OF SERVICE

I, DeMoreo Reddick, attorney for the Plaintiff, hereby certify that the foregoing document has been delivered to all counsel of record, either by delivering a copy of same through the United States mail, first class postage prepaid, hand delivery, or electronic delivery, this the 11th day of September, 2026.

/s/ DeMoreo Reddick, Esq.
DEMOREO REDDICK, ESQ.