FORM 3 (ND/SD MISS. DEC. 2011)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**BARRY MCMILLIAN** **PLAINTIFF**

**V.** **CIVIL ACTION NO. 1:24-CV-00199-GHD-RP**

**THE CITY OF ABERDEEN** **DEFENDANT**

**PRETRIAL ORDER**

**1.** A pretrial conference was held on September 18, 2026 at 10:00 a.m at the United States Courthouse in Oxford, Mississippi, before United States Magistrate Judge Roy Percy.

**2.** The following counsel appeared:

**a.** For the Plaintiff:

| | | |
|---|---|---|
| DeMoreo Reddick | P.O. Box 465, Okolona MS 38860 | 662-436-4641 |

**b.** For the Defendant:

| | | |
|---|---|---|
| G. Todd Butler<br>Loden Walker | Phelps Dunbar LLP<br>1905 Community Bank Way<br>Flowood, MS 39232<br>todd.butler@phelps.com<br>loden.walker@phelps.com | 601-352-2300 |

**3.** The pleadings are amended to conform to this pretrial order.

**4.** The following claims (including claims stated in the complaint, counterclaims, crossclaims, third-party claims, etc.) have been filed: Title VII and 42 U.S.C. § 1981 retaliation claim.

**5.** The basis for this court's jurisdiction is: a federal question pursuant to the Plaintiff's Title VII and 42 U.S.C. § 1981 claim.

**6.** The following jurisdictional questions remain: None.

**7.** The following motions remain pending:
Defendant's Motion in Limine [Doc. No. 128]
Defendant intends to move in limine at trial.

**8.** The parties accept the following **concise** summaries of the ultimate facts as claimed by:

**a.** Plaintiff: The Plaintiff, Barry McMillian, was employed by the Defendant, the City of Aberdeen ("City"), from October 2021 to December 2023. Plaintiff asserts claims against the City for unlawful retaliation under Title VII and 42 U.S.C. § 1981. Pursuant to the Plaintiff's Title VII & 42 U.S.C. § 1981 retaliation claims, the Plaintiff asserts that he engaged in protected activity by submitting an EEOC charge alleging race discrimination on March 7, 2022. On December 5, 2023, the City Board for the City of Aberdeen voted to terminate his employment. The Board Alderwoman Carolyn Odom explicitly admitted in her deposition that she voted to terminate Plaintiff because she felt he was "causing trouble" by filing his 2022 race discrimination charge with the EEOC, establishing direct and dipositive evidence of retaliatory animus under both Title VII and 42 U.S.C. § 1981. Also, the City's proffered reason for termination was that the Plaintiff engaged in "stealing time" by asking a coworker, Triron Brown, to clock him in on November 27, 2023, which was a pretext designed to mask retaliation, pursuant to Title VII & 42 U.S.C. § 1981. Coworker, Triron Brown, confirmed that the Plaintiff never asked him to clock him in on the day in question. Triron Brown also stated that Mayor Charles Scott, the mayor at the time of this incident, coerced him to falsely state that Barry McMillian asked him to clock him in and out of work on November 27, 2023. The Plaintiff was entirely unaware he had been logged as present until he returned to work. The City used the Plaintiff's supervisor's and co-worker's created entry as a bad-faith excuse to terminate him. While the City only issued a three-day unpaid suspension to Triron Brown, it terminated the Plaintiff, despite neither employee having a prior disciplinary history, which demonstrates severe disparate treatment.

**b.** Defendant: The City hired Plaintiff as a full-time laborer on October 5, 2021. His job duties included assisting operations in the water department and "fix[ing] water leaks." McMillian contends that the City "falsely accused" him of asking a coworker, Triron Brown, to clock him in and out on November 27, 2023. On that day, McMillian was returning from a trip to Las Vegas. The City investigated the matter and obtained both verbal and written statements from Brown admitting that, at McMillian's request, he clocked McMillian in and out on November 27, 2023. Brown reiterated those facts to the City's Board of Aldermen during executive session at a December 5, 2023 board meeting. The Board of Aldermen voted 3-1-1in favor of terminating McMillian for violating the City's timekeeping and honesty policies and to suspend Brown without pay for three days. The board

members later explained that Brown was suspended without pay—but not terminated—because he was forthcoming about the misconduct, while McMillian was not. Six days after termination, McMillian filed a charge of discrimination with the EEOC, this time alleging retaliation under Title VII. McMillian's retaliation theory is that he was terminated because he'd filed a charge of discrimination with the EEOC two years prior, on March 7, 2022, about the beginning of his employment.

**9. a.** The following facts are established by the pleadings, by stipulation, or by admission:

1. The Plaintiff, Barry McMillian, was employed by the Defendant, the City of Aberdeen, from October 2021 to December 2023.
2. On March 7, 2022, McMillian filed a charge of discrimination with the EEOC, alleging race discrimination under Title VII, arising from the outset of his employment and his reassignment from the electrical department to the water department.
3. On November 27, 2023, McMillian was returning from a trip to Las Vegas.
4. The City obtained both verbal and written statements from Brown admitting that he clocked McMillian in and out on November 27, 2023.
5. Brown reiterated those facts to the City's Board of Aldermen during executive session at a December 5, 2023 board meeting.
6. The Board of Aldermen voted 3-1-1 (i.e., Alderwoman Lady Garth recused) in favor of terminating McMillian for violating the City's timekeeping and honesty policies and to suspend Brown without pay for three days
7. Six days after termination, McMillian filed a (second) charge of discrimination with the EEOC, this time alleging retaliation under Title VII.
8. Plaintiff's lawsuit concerning first charge of discrimination was dismissed on the pleadings for failure to state a claim. That dismissal was affirmed by the Fifth Circuit.

**b.** The contested issues of fact are as follows:

1. Whether the City "falsely accused" him of asking a coworker, Triron Brown, to clock him in and out on November 27, 2023.
2. Whether Mayor Charles Scott coerced Triron Brown to falsely state that Barry McMillian asked him to clock him in and out of work on November 27, 2023.
3. Whether McMillian asked Brown to clock him in and out on November 27, 2023.

**c.** The contested issues of law (Mixed question of law and fact.) are as follows:

1. Whether Plaintiff can establish a retaliation claim under Title VII and § 1981.
2. Whether Plaintiff can demonstrate that he engaged in a protected activity.

3. Whether there is a causal connection between the protected activity and adverse employment action.
4. Whether Plaintiff can prove the proffered reason is pretext for the retaliatory purpose.
5. Whether Plaintiff is entitled to any damages, and if so, in what amount.
6. Whether any party is entitled to fees and costs, and if so, in what amount.
7. Whether Plaintiff can demonstrate that he mitigated damages, and if so, when and by how much.

**10.** The following is a list and brief description of all exhibits (except exhibits to be used for impeachment purposes only) to be offered in evidence by the parties. **Each exhibit has been marked for identification and examined by counsel.**

**a.** To be offered by the Plaintiff:

P-1 Plaintiff's Amended Civil Complaint which has Exhibits A-D that correspond with the Plaintiff's Amended Civil Complaint;
P-2 Transcript and Excerpts of Water Department Lead Man Marcus Collins' Deposition;
P-3 Formal Sentencing Order for Marcus Collins' Prior Embezzlement Conviction;
P-4 Transcript and Excerpts of Alderwoman Carolyn Odom's Deposition;
P-5 Transcript and Excerpts of Plaintiff Barry McMillian's Deposition;
P-6 Transcript and Excerpts of City Clerk Melissa Moore's Deposition;
P-7 Transcript and Excerpts of Alderman Shea Cain's Deposition;
P-8 Transcript and Excerpts of Alderman Edward Haynes' Deposition;
P-9 Transcript and Excerpts of Coworker Triron Brown's Deposition;
P-10 Plaintiff Barry McMillian's Medical Records for when he was off due to Medical reasons;
P-11 Plaintiff's Original March 7, 2022 EEOC Charge of Discrimination (No. 423-2022-00047);
P-12 Telecommunication Logs / Cell Phone Records tracking Plaintiff's 6:24 AM call to Marcus Collins;
P-13 Formal Written Disciplinary Report / Notice of Termination issued to the Plaintiff;
P-14 Municipal Master Time Sheet 1 / Clock Ledger Electronic Audit Trail;
P-15 Master Daily Ledger / Time Sheet Number 2 containing handwritten "No pay per Mayor" directive;
P-16 Signed Voluntary Donation of Time Slip executed by coworker Triron Brown;
P-17 Water Department Operational Overtime Calendars for Fall 2023;
P-18 Plaintiff Barry McMillian's Formal Request Document for Sick Leave;
P-19 Municipal Emergency Overtime Call Out Logs / Trouble Call Sheet Entries;
P-20 Signed Written Statement by Acting Supervisor Johnny McMillian;
P-21 Original Administrative Order and Merits Ruling from the Mississippi Department of Employment Security (MDES);

P-22 Executive Document signed by Mayor Charles Scott explicitly denying Plaintiff's FMLA leave;
P-23 Formal EEOC Position Statement executed and submitted by City Attorney Walter H. Zinn, Jr.;
P-24 Signed Executive Veto Document by Mayor Charles Scott disapproving Triron Brown's donation of time;
P-25 Written Verification of McMillian's Request for Sick Leave being denied by Mayor Charles Scott;
P-26 Official Response to the EEOC Brief submitted by City Attorney Walter Zinn, Jr.;
P-27 The City of Aberdeen Employee Handbook pgs. 39-40 detailing the Progressive Disciplinary Policy;
P-28 Redacted text message to Tiron Brown that came from the EEOC;
P-29 Plaintiff's Verified Formal Sworn Responses to Defendant's First Set of Interrogatories;
P-30 Certified Patient and Surgical Overnight Admission Logs from North Mississippi Health Services;
P-31 Plaintiff's Medical Records showing that the City caused him to have to anxiety medication;
P-32 Formal Written Notice / Mandate executed by Mayor Charles Scott ordering the Plaintiff home and informing to the come to the City of Aberdeen's board meeting that was on December 5, 2023;
P-33 Federal Compliance Framework Sheet detailing FMLA Employee Rights and Responsibilities guidelines;
P-34 Signed Official Municipal Board Minutes from the City of Aberdeen's December 5, 2023 Executive Meeting;
P-35 Final Affirming Board of Review Order issued by the Mississippi Department of Employment Security (MDES);
P-36 Coerced Initial Written Fact Statement signed by coworker Triron Brown;
P-37 Electronic Time Card Punches and Missing Punch ("MP") Records for Triron Brown;
P-38 Transcript and Excerpts of Water Department Acting Supervisor Johnny McMillian's Deposition;
P-39 The Defendant's Initial Disclosures;
P-40 Defendant's Verified Formal Sworn Responses to Plaintiff's First Set of Interrogatories and Responses to the Plaintiff's Request for Production of Documents;
P-41 Triron Brown Videos with audio;
P-42 Audio Files from the Mississippi Department of Employment Security;
P-43 Plaintiff's Contract with the City of Columbus;
P-44 Plaintiff's PERS with the City of Aberdeen;
P-45 Plaintiff's Check History with the City of Aberdeen;
P-46 Plaintiff's W2's;
P-47 Plaintiff's Flight Itinerary for November 26, 2024;
P-48 Plaintiff's Plane Ticket for November 27, 2024;

P-49 Defendant's Responses to the Plaintiff's Request for Admissions;
P-50 Defendant's Employee Handbook-Entire Handbook;
P-51 The Defendant's clocking in and clocking out instructions for the Water Department;
P-52 MDES Records in their entirety;
P-53 Medical Records prior to the Plaintiff's overnight stay at the hospital;
P-54 EEOC file with verification page

The authenticity and admissibility in evidence of the preceding exhibits are stipulated. If the authenticity or admissibility of any of the preceding exhibits is objected to, the exhibit must be identified below, together with a statement of the specified evidentiary ground(s) for the objection(s):

Defendants object to the following exhibits proposed by Plaintiffs:

P-1 802, 1002, 401, 402, 403
P-2 802, 1002, 401, 402, 403
P-3 609, 401, 402, 403
P-4 802, 1002, 401, 402, 403
P-5 802, 1002, 401, 402, 403
P-6 802, 1002, 401, 402, 403
P-7 802, 1002, 401, 402, 403
P-8 802, 1002, 401, 402, 403
P-9 802, 1002, 401, 402, 403
P-11 802, 1002, 401, 402, 403
P-12 901, 401, 402, 403
P-13 802, 1002, 401, 402, 403
P-14 802, 1002, 401, 402, 403
P-15 802, 1002, 401, 402, 403
P-16 802, 1002, 401, 402, 403
P-17 802, 1002, 401, 402, 403
P-18 802, 1002, 401, 402, 403
P-19 802, 1002, 401, 402, 403
P-20 802, 1002, 401, 402, 403
P-21 802, 1002, 401, 402, 403
P-22 802, 1002, 401, 402, 403
P-23 802, 1002, 401, 402, 403, 408
P-24 802, 1002, 401, 402, 403
P-25 802, 1002, 401, 402, 403
P-26 802, 1002, 401, 402, 403
P-27 401, 402, 403
P-28 802, 1002, 401, 402, 403, 602, 901
P-29 802, 1002, 401, 402, 403
P-30 802, 1002, 401, 402, 403

| | |
|---|---|
| P-31 | 802, 1002, 401, 402, 403, 702, 703 |
| P-32 | 802, 1002, 401, 402, 403 |
| P-33 | 1002, 401, 402, 403 |
| P-34 | 802, 1002, 401, 402, 403 |
| P-35 | 802, 1002, 401, 402, 403 |
| P-36 | 802, 403, 1002 |
| P-37 | 802, 1002, 401, 402, 403 |
| P-38 | 802, 1002, 401, 402, 403 |
| P-39 | 802, 1002, 401, 402, 403 |
| P-40 | 802, 1002, 401, 402, 403 |
| P-41 | 901, 802, 1002, 401, 402, 403 |
| P-42 | 901, 802, 1002, 401, 402, 403 |
| P-43 | 901, 802, 1002, 401, 402, 403 |
| P-44 | 901, 802, 1002, 401, 402, 403 |
| P-45 | 901, 802, 1002, 401, 402, 403 |
| P-46 | 901, 802, 1002, 401, 402, 403 |
| P-47 | 802, 1002, 401, 402, 403 |
| P-48 | 802, 1002, 401, 402, 403 |
| P-49 | 802, 1002, 401, 402, 403 |
| P-50 | 802, 1002, 401, 402, 403 |
| P-51 | 901, 802, 1002, 401, 402, 403 |
| P-52 | 802, 1002, 401, 402, 403 |
| P-53 | 802, 1002, 401, 402, 403 |
| P-54 | 901, 802, 1002, 401, 402, 403 |

**b.** To be offered by the Defendant:

| | |
|---|---|
| D-1 | September 21, 2021 Board Minutes; DEF-00001 to DEF-0005; |
| D-2 | October 5, 2021 Board Minutes; DEF-00006 to DEF-00012; |
| D-3 | December 5, 2023 Board Minutes; DEF-00013 to DEF-00017; |
| D-4 | Letter of Suspension; DEF-00017; |
| D-5 | Personnel File; DEF-00032 to DEF-00052; |
| D-6 | Employee Handbook; DEF-00053 to DEF-00106; |
| D-7 | Notice of Appeal; DEF-00107 to DEF-00120; |
| D-8 | Notice of Claim; DEF-00121 to DEF-00123; |
| D-9 | EEOC File; DEF-00124 to DEF-00506; |
| D-10 | Rehab Solutions PLLC Medical Records; DEF-00507 to DEF-00528; |
| D-11 | Baptist Memorial Hospital medical records; DEF-00529 to DEF-00633; |
| D-12 | Monroe Regional Hospital (Aberdeen) records; DEF-00634 to DEF-00989; |
| D-13 | Rehab Solutions records; DEF-00990 to DEF-01011; |
| D-14 | Surgery Clinic of Tupelo (North MS. Health Servs.) records; DEF-01012 to DEF-01151; |
| D-15 | Mississippi Department Employment Security records; DEF-01152 to DEF-01243; |

D-16 Aberdeen School District records; DEF-01244 to DEF-01820;
D-17 Time Sheets – McMillian; DEF-01821 to DEF-1836;
D-18 Time Sheet – Johnny McMillian; DEF-01837;
D-19 Time Sheet – Triron Brown (first 2 weeks of Nov. 2023); DEF-01838;
D-20 Dec. 5, 2023 Agenda for Board Meeting; DEF-01839;
D-21 MDOR Tax Return 2020-2024; DEF-01840 to DEF-1868;
D-22 Time Sheets – Triron Brown; DEF-01869 to DEF-01874;
D-23 November 30, 2023 Memorandum re Meeting with Brown; DEF-01875;
D-24 December 5, 2023 Board Meeting Packet; DEF-01876 to DEF-01965;
D-25 Documents sent to EEOC from City; DEF-01966 to DEF-01990

The authenticity and admissibility in evidence of the preceding exhibits are stipulated. If the authenticity or admissibility of any of the preceding exhibits is objected to, the exhibit must be identified below, together with a statement of the specified evidentiary ground(s) for the objection(s):

Plaintiff objects to the following exhibits proposed by Defendant:

D-1 F.R.E. 402, 403, and 802.
D-2 F.R.E. 402, 403, and 802.
D-3 F.R.E. 402, 403, and 802.
D-4 F.R.E. 402, 403, and 802.
D-5 F.R.E. 402, 403, and 802.
D-6 F.R.E. 402, 403, and 802.
D-7 F.R.E. 402, 403, and 802.
D-8 F.R.E. 402, 403, and 802.
D-9 F.R.E. 402, 403, and 802.
D-10 F.R.E. 402, 403, and 802.
D-11 F.R.E. 402, 403, and 802.
D-12 F.R.E. 402, 403, and 802.
D-13 F.R.E. 402, 403, and 802.
D-14 F.R.E. 402, 403, and 802.
D-15 F.R.E. 402, 403, and 802.
D-16 F.R.E. 402, 403, and 802.
D-17 F.R.E. 402, 403, and 802.
D-18 F.R.E. 402, 403, and 802.
D-19 F.R.E. 402, 403, and 802.
D-20 F.R.E. 402, 403, and 802.
D-21 F.R.E. 402, 403, and 802.
D-22 F.R.E. 402, 403, and 802.
D-23 F.R.E. 402, 403, and 802.
D-24 F.R.E. 402, 403, and 802.
D-25 F.R.E. 402, 403, and 802.

**11.** The following is a list and brief description of charts, graphs, models, schematic diagrams, and similar objects which will be used in opening statements or closing arguments, but which **will not** be offered in evidence:

By Plaintiff:

Plaintiff may use charts, graphs, tapes or similar demonstrative aids to establish a chronology of events. Plaintiff also may use enlargements of all or part of any documents admitted into evidence and may utilize any technology available in the courtroom in which this matter will be heard. Plaintiff further may use multimedia and/or PowerPoint presentations during the opening statement, closing argument, and/or Rule 50 motions.

Objections, if any, to use of the preceding objects are as follows:

By Defendants:

Defendants may use charts, graphs, tapes or similar demonstrative aids to establish a chronology of events. Defendant also may use enlargements of all or part of any documents admitted into evidence and may utilize any technology available in the courtroom in which this matter will be heard. Defendant further may use multimedia and/or PowerPoint presentations during the opening statement, closing argument, and/or Rule 50 motions.

Objections, if any, to use of the preceding objects are as follows:

If these or any other objects are to be used by any party, such objects will be submitted to opposing counsel at least three business days before trial. If there is then any objection to use of the objects, the dispute will be submitted to the court at least one business day before trial.

**12.** The following is a list of witnesses Plaintiff anticipates calling at trial (excluding witnesses to be used solely for rebuttal or impeachment). All listed witnesses must be present to testify when called by a party unless specific arrangements have been made with the trial judge before commencement of trial. The listing of a **WILL CALL** witness constitutes a professional representation, upon which opposing counsel may rely, that the witness will be present at trial, absent reasonable written notice to counsel to the contrary.

| | Name | Will/ May Call | [**F**]act/ [**E**]xpert [**L**]iability/ [**D**]amages | Business Address & Telephone Number |
|---|---|---|---|---|
| 1. | Barry McMillian | Will Call | F/L/D | Aberdeen, MS |
| 2. | Carolyn Odom | May Call | F/L/D | Aberdeen, MS |

| | | | |
|---|---|---|---|
| 3. Edward Haynes | May Call | F/L/D | Aberdeen, MS |
| 4. Shea Cain | May Call | F/L/D | Aberdeen, MS |
| 5. Charles Scott | May Call | F/L/D | Aberdeen, MS |
| 6. Melissa Moore | May Call | F/L/D | Aberdeen, MS |
| 7. Marcus Collins | May Call | F/L/D | Aberdeen, MS |
| 8. Johnny McMillian | May Call | F/L/D | Aberdeen, MS |
| 9. Triron Brown | May Call | F/L/D | Aberdeen, MS |
| 10. Jennifer Barksdale | May Call | F/L/D | Aberdeen, MS |
| 11. Lequavise McMillian | May Call | F/L/D | Aberdeen, MS |
| 12. Bobbie Jean Davidson | May Call | F/L/D | Aberdeen, MS |
| 13. Lamarcus Thompson | May Call | F/L/D | Aberdeen, MS |
| 14. Rodney Rogers | May Call | F/L/D | Tupelo, MS |
| 15. Selena Armstrong | May Call | F/L/D | Tupelo, MS |
| 16. Melissa Nolan | May Call | F/L/D | Tupelo, MS |
| 17. Brent Hallmark | May Call | F/L/D | Tupelo, MS |
| 18. Kristen Loden | May Call | F/L/D | Tupelo, MS |
| 19. James Easter | May Call | F/L/D | Tupelo, MS |
| 20. Terry Pinson | May Call | F/L/D | Tupelo, MS |
| 21. Water Zinn, Jr. | May Call | F/L/D | Pontotoc, MS |

Will testify live: All.

Will testify by deposition:

1. Carolyn Odom, the entire deposition will be used. Federal Rules of Civil Procedure 32(a)(3). Federal Rules of Civil Procedure 32(a)(4).
2. Edward Haynes, the entire deposition will be used. Federal Rules of Civil Procedure 32(a)(3). Federal Rules of Civil Procedure 32(a)(4).
3. Shea Crain, the entire deposition will be used. Federal Rules of Civil Procedure 32(a)(3) Federal Rules of Civil Procedure 32(a)(4).
4. Melissa Moore, the entire deposition will be used. Federal Rules of Civil Procedure 32(a)(3). Federal Rules of Civil Procedure 32(a)(4).
5. Marcus Collins, the entire deposition will be used. Federal Rules of Civil Procedure 32(a)(3). Federal Rules of Civil Procedure 32(a)(4).
6. Johnny McMillian, the entire deposition will be used. Federal Rules of Civil Procedure 32(a)(4).
7. Triron Brown, the entire deposition will be used. Federal Rules of Civil Procedure 32(a)(4).

Defendant's objections to Plaintiffs' list of witnesses are as follows:

1. Carolyn Odom's deposition in lieu of live testimony
2. Edward Haynes's deposition in lieu of live testimony
3. Shea Cain's deposition in lieu of live testimony

4. Melissa Moore's deposition in lieu of live testimony
5. Marcus Collins's deposition in lieu of live testimony
6. Johnny McMillian's deposition in lieu of live testimony
7. Triron Brown's deposition in lieu of live testimony
8. Walter Zinn, Jr., who is Defendant's City Attorney

None of the witnesses 1-7 are unavailable, and each witness 1-7 is critical. Plaintiff has not designated portions of transcript he plans to offer. All deposition transcripts are also inadmissible hearsay. Defendant also objects to Plaintiff calling Walter Zinn, Jr. (City Attorney) as a witness on the grounds of attorney-client privilege, work product doctrine, 401, 402, and 403.

State whether the entire deposition, or only portions, will be used. Counsel **must** confer, no later than twenty-one days before the commencement of trial, to resolve **all** controversies concerning **all** depositions (electronically recorded or otherwise). All controversies not resolved by the parties **must** be submitted to the trial judge not later than fourteen days before trial. All objections not submitted within that time are waived.

**13.** The following is a list of witnesses Defendant anticipates calling at trial (excluding witnesses to be used solely for rebuttal or impeachment). All listed witnesses must be present to testify when called by a party unless specific arrangements have been made with the trial judge before commencement of trial. The listing of a **WILL CALL** witness constitutes a professional representation, upon which opposing counsel may rely, that the witness will be present at trial, absent reasonable written notice to counsel to the contrary.

| Name | Will/ May Call | [F]act/ [E]xpert [L]iability/ [D]amages | Business Address & Telephone Number |
|---|---|---|---|
| Barry McMillian | May | F/L/D | Aberdeen, MS |
| Charles Scott | May | F/L/D | Aberdeen, MS |
| Nicholas Holliday | May | F/L/D | Aberdeen, MS |
| Lady Garth | May | F/L/D | Aberdeen, MS |
| Edward Haynes | May | F/L/D | Aberdeen, MS |
| Carolyn Odom | May | F/L/D | Aberdeen, MS |
| Shea Cain | May | F/L/D | Aberdeen, MS |
| Melissa Moore | May | F/L/D | Aberdeen, MS |
| Marcus Collins | May | F/L/D | Aberdeen, MS |
| Triron Brown | May | F/L/D | Aberdeen, MS |
| Johnny McMillian | May | F/L/D | Aberdeen, MS |
| Andre Hogan | May | F/L/D | Aberdeen, MS |
| Willa Garth | May | F/L/D | Aberdeen, MS |
| Terry Wesley Pinson | May | F/L/D | Tupelo, MS |
| Selena Armstrong | May | F/L/D | Tupelo, MS |

Will testify live: All.

Will testify by deposition: None.

State whether the entire deposition, or only portions, will be used. Counsel **must** confer, no later than twenty-one days before the commencement of trial, to resolve **all** controversies concerning **all** depositions (electronically recorded or otherwise). All controversies not resolved by the parties **must** be submitted to the trial judge not later than fourteen days before trial. All objections not submitted within that time are waived.

**14.** This is a jury case.

**15.** Counsel suggests the following additional matters to aid in the disposition of this civil action: None.

**16.** Counsel estimates the length of the trial will be 3 to 5 days.

**17.** As stated in paragraph 1, this pretrial order has been formulated (a) at a pretrial conference before a judicial officer, notice of which was duly served on all parties, and at which the parties attended as stated above, or (b) the final pretrial conference having been dispensed with by the judicial officer, as a result of conferences between the parties. Reasonable opportunity has been afforded for corrections or additions prior to signing. This order will control the course of the trial, as provided by Rule 16, Federal Rules of Civil Procedure, and it may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

ORDERED, this the 28th day of September, 2026.

[signature]
UNITED STATES DISTRICT JUDGE

*/s/ DeMoreo Reddick*
Attorney for Plaintiff

*/s/ Loden P. Walker*
Attorney for Defendant

Entry of the preceding Pretrial Order is recommended by me on this, the 25th day of September, 2026.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE