**IN THE UNITED STATES DISTRCIT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**BARRY MCMILLIAN** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.: 1:24-CV-199-GHD**

**THE CITY OF ABERDEEN**
**AND JOHN DOES 1-20** **DEFENDANTS**

---

**PLAINTIFF'S MOTION TO QUASH DEFENDANT'S SUBPOENA DUCES TECUM TO AT&T MOBILITY LLC AND FOR A PROTECTIVE ORDER**

---

Now comes the Plaintiff, Barry McMillian, by and through his attorney of record, DeMoreo Reddick, Esq., and files this his Motion to Quash Defendant's *Subpoena Duces Tecum* to AT&T Mobility LLC and for a Protective Order. In support of this Motion, Plaintiff respectfully states as follows:

1. This is a Title VII employment retaliation action in which the court-ordered discovery period expired on April 13, 2026, pursuant to this Court's Modified Case Management Order [Doc. No. 86].
2. On September 28, 2026, this Court entered the final, binding Pretrial Order [Doc. No. 137]. Hours later, Defendant issued a surprise Notice of Intent to Serve a *Subpoena Duces Tecum* on AT&T Mobility LLC [Doc. No. 138], seeking cell phone metadata and call logs for third parties.

3. The Defendant's post-deadline subpoena constitutes an impermissible attempt to conduct discovery long after the discovery window has closed and after the trial plan has been formalized.
4. Plaintiff incorporates by reference the facts, law, and legal arguments set forth in his accompanying Memorandum in Support filed concurrently herewith.
5. In support of this Motion and the accompanying Memorandum, Plaintiff attaches and lists the following exhibits:
    1. **EXHIBIT A:** Email Meet-and-Confer Correspondence, dated September 29, 2026;
    2. **EXHIBIT B:** The Deposition Transcript of Triron Brown, dated February 26, 2026;
    3. **EXHIBIT C:** Copy of the Fifth Circuit Court of Appeals Unpublished Opinion in *IQ Products Co. v. Onyx Corp.; Onyx Laboratories, Inc.*, No. 01-20364, (5th Cir. 2002).

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court grant this Motion to quash the Defendant's *Subpoena Duces Tecum* to AT&T Mobility LLC, that it enters a Protective Order barring the discovery, and to grant any further relief that this Court deems is just and equitable.

Respectfully submitted this, the 2nd day of October, 2026.

By: /s/ DeMoreo Reddick, Esq.
DEMOREO REDDICK, ESQ.
COUNSEL FOR THE PLAINTIFF

OF COUNSEL:

REDDICK LAW FIRM, PLLC
DEMOREO REDDICK, ESQ.
MS BAR NO.: 103747
P.O. BOX 465
OKOLONA, MS 38860
PH: 662-436-4641
FAX: 662-256-3582

**CERTIFICATE OF GOOD FAITH**

Pursuant to Uniform Local Civil Rule 37(a), the undersigned counsel for Plaintiff, Barry McMillian, hereby certifies to the Court that he has conferred in good faith with opposing counsel for the Defendant, The City of Aberdeen, in an effort to resolve the dispute regarding the untimely third-party Rule 45 subpoena without Court action. Specifically, on September 29, 2026, counsel for Plaintiff initiated an urgent meet-and-confer via email (attached to the Motion as Exhibit A) explaining the procedural deficiency of the post-pretrial order subpoena and requesting that the Defendant voluntarily withdraw it. Counsel for Defendant flatly refused to withdraw the subpoena, leaving the parties at a total impasse and necessitating the filing of the present Emergency Motion to Quash and for a Protective Order.

This, the 2nd day of October, 2026.

By: /s/ DeMoreo Reddick, Esq.
DEMOREO REDDICK, ESQ.
COUNSEL FOR THE PLAINTIFF

**CERTIFICATE OF SERVICE**

I, DeMoreo Reddick, attorney for the Plaintiff, hereby certify that the foregoing document has been delivered to all counsel of record, either by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery, or electronic delivery, this the 2nd day of October, 2026.

/s/ DeMoreo Reddick, Esq.
DEMOREO REDDICK, ESQ.