**IN THE UNITED STATES DISTRCIT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**BARRY MCMILLIAN** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.: 1:24-CV-199-GHD**

**THE CITY OF ABERDEEN**
**AND JOHN DOES 1-20** **DEFENDANTS**

---

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO QUASH THE DEFENDANT'S SUBPOENA DUCES TECUM TO AT&T MOBILITY LLC AND FOR A PROTECTIVE ORDER**

---

Now comes, Barry McMillian ("Plaintiff" or "McMillian"), the Plaintiff, by and through his attorney, DeMoreo Reddick, and submits this Memorandum in Support of his Motion to Quash and for a Protective Order regarding Defendant's, The City of Aberdeen ("City"), untimely third-party subpoena targeting phone records from AT&T Mobility LLC.

## I. BACKGROUND

This is an employment retaliation action brought under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 stemming from the wrongful termination of Barry McMillian by the City of Aberdeen. On August 13, 2025, the Court entered its initial Case Management Order [Doc. 37]. The Court subsequently modified those deadlines by entering its Order Resetting CMO Deadlines [Doc. No. 86], which established a firm, final discovery cutoff date of April 13, 2026.

Both parties conducted discovery within the parameters of that window. On February 26, 2026, Plaintiff's coworker Mr. Triron Brown was examined under oath. During that deposition, the Defendant's counsel questioned Mr. Triron Brown in regards to what his mobile telephone number was on or around November 27, 2023. The Defendant's counsel also asked Mr. Triron Brown who his mobile telephone provider was on or around November 27, 2023. On Pages 29 through 31 of Triron Brown's deposition transcript (attached as Exhibit B), Mr. Brown provided his cellular information to the Defendant's counsel, confirming that his active number during the late 2023 period in question was **(662) 436-7632**, explaining that it was a line that he shared under his mother's line, and confirming he subsequently moved to a new number **(662) 436-7735**) in the spring of 2025, and that his cellular provider was AT&T for both of the aforementioned phone numbers. It must be mentioned that Willow Garth was never mentioned to be the person over Triron Brown's line and the transcript for Triron Brown does not mention who Triron Brown's mother actually was. *See* Exhibit B, Triron Brown's transcript from his February 26, 2026 deposition. It must be noted, that the Transcript just identifies Willow Garth as Triron Brown's grandmother, with whom he lives with. *See* Exhibit B, pg. 24-25, Triron Brown's transcript from his February 26, 2026 deposition. On September 28, 2026, this Court entered the final, binding Pretrial Order [Doc. No. 137], estimating a 3-to-5 day jury trial starting October 19, 2026. However, hours after the entry of the Final Pretrial Order, the Defendant issued a surprise Notice of Intent to Serve a Subpoena Duces Tecum on AT&T Mobility LLC [Doc. No. 138], attaching the underlying **Rule 45 Subpoena** as [Doc. 138-1]. The subpoena demands certified copies of call-detail logging and SMS text metadata linked to the phone line Mr. Triron Brown disclosed during his deposition. Crucially, the subpoena commands AT&T Mobility LLC to produce these records of Triron Brown's and Willow Garth's telephone records,

on or before October 9, 2026, by directly sending them to the private law offices of Defendant's counsel (Phelps Dunbar, LLP) for pre-trial review, rather than to the Court at trial. *See* [Doc. 138-1]. Also, undersigned counsel initiated an urgent meet-and-confer via email on September 29, 2026 (attached as Exhibit A) to ask the Defendant's counsel to withdraw the untimely subpoena, but the Defendant's counsel flatly refused to withdraw the subpoena, forcing this emergency filing.

## II. LAW AND ARGUMENT

### A. Rule 45 Subpoenas Are Subject to Court-Ordered Discovery Deadlines

It is well-settled law within the Fifth Circuit that a Rule 45 subpoena duces tecum constitutes a discovery device under the Federal Rules of Civil Procedure. Accordingly, such subpoenas must be issued and complied with *before* the formal discovery cutoff date. A party cannot use a Rule 45 subpoena to bypass closed scheduling deadlines or perform an end-run around scheduling orders. The court-ordered discovery period in this action expired on April 13, 2026, pursuant to [Doc. No. 86]. Seeking third-party transactional records more than five months after the cutoff is a severe procedural violation of Federal Rule of Civil Procedure 16(b)(4) and Federal Rule of Civil Procedure 16(e). Because this subpoena [Doc. No. 138-1] was initiated after the entry of the definitive Final Pretrial Order [Doc. No. 137], it directly violates the trial plan formalized under Federal Rule of Civil Procedure 16(e) and transforms the litigation into a "trial by ambush". Under Federal Rule of Civil Procedure 16(e) the Court may only modify the order issued after a final pretrial conference in order to prevent manifest injustice. Furthermore, there is absolutely no manifest injustice in quashing this subpoena [Doc. 138-1]. The Defendant has had full knowledge of the witness's cellular timeline since February 2026 and sat idly by for months. Enforcing the Court's own trial order and scheduling guidelines

prevents procedural sabotage and disruption, whereas allowing this late subpoena would run directly counter to the interests of equity, judicial efficiency, and judicial fairness. A protective order and an order quashing the subpoena are necessary to protect the integrity of the closed scheduling order and insulate the Plaintiff from eleventh-hour harassment. To be clear, the records that the City is requesting from their subpoena [Doc. 138-1] are not listed as an exhibit in the Final Pretrial Order [Doc. 137] and they have never been provided or forwarded to the Plaintiff.

**B. Defendant's Potential "Impeachment" and "Memory Recollection" Arguments Are Procedurally Barred Pretexts for Late Discovery**

The Defendant seeks to evade the strict constraints of the Case Management Orders by arguing that this subpoena is not a discovery device, but rather a trial tool intended to "recollect witness testimony" or "impeach a witness." This argument completely misconstrues federal practice. The Fifth Circuit has consistently rejected the notion that a party can bypass discovery deadlines under the guise of gathering "impeachment materials." If a subpoena seeks information that is identical in nature to materials that could have been requested during open discovery, it remains an optimization of discovery. The Defendant has possessed Triron Brown's mobile numbers and his network provider, since his February 26, 2026 deposition (Exhibit B, pg. 29–31, Tiron Brown's transcript of his deposition). If the Defendant intended to cross-examine or verify his records against external transactional metadata, they were required to run that check before the April 13, 2026 cutoff established in [Doc. No. 86]. The Fifth Circuit has stated that a subpoena can be quashed for being untimely if it is in effect a motion at trial for more discovery. In the unpublished opinion by the Fifth Circuit in *IQ Products Co. v. Onyx Corp.; Onyx Laboratories, Inc.*, No. 01-20364, (5th Cir. 2002), the Fifth Circuit stated that a

subpoena can be quashed for being untimely if it is in effect a motion at trial for more discovery. *See* Comeaux v. Uniroyal Chem. Corp. , 849 F.2d 191, 194 (5th Cir. 1988), abrogation on other grounds recognized, *Carroll v. General Acc. Ins. Co. of Am.*, 891 F.2d 1174, 1176 (5th Cir. 1990). *See* Exhibit C, pg. 8, *IQ Products Co. v. Onyx Corp.; Onyx Laboratories, Inc.*, No. 01-20364, (5th Cir. 2002). The Fifth Circuit in *IQ Products Co. v. Onyx Corp.; Onyx Laboratories, Inc.*, No. 01-20364, (5th Cir. 2002) also stated that trial subpoenas are not intended as a backdoor for discovery that could have been obtained before trial. *Id.* Also, for more context, in *Comeaux v. Uniroyal Chem. Corp.*, in that case, the Appellant stated that the district court "committed error of law" by quashing his *subpoena duces tecum* which called for production of various company records concerning injuries incurred by other company employees. The Fifth Circuit stated that the motion was filed two days before trial. The Fifth Circuit stated that the lower court had earlier issued a pretrial order requiring that additional exhibits be submitted to opposing counsel at least twenty days prior to trial. The Fifth Circuit also stated that *subpoena duces tecum* was in effect a motion for additional discovery, and the lower court correctly construed it as such. The Fifth Circuit ruled that the lower court did not abuse its discretion by granting appellee's motion to quash the *subpoena duces tecum* as untimely. *See Comeaux v. Uniroyal Chemical Corp.*, 849 F.2d 191, 194 (5th Cir. 1988). Furthermore, as in *Comeaux v. Uniroyal Chemical Corp.* the operational mechanics of the subpoena itself in this case, [Doc. 138-1], completely exposes the Defendant wanting the new evidence for impeachment or for recollection purposes as a pretext. Moreover, by ordering AT&T Mobility LLC to deliver the materials to defense counsel's private office rather than requiring production at trial, Defendant is plainly attempting to perform an impermissible, post-deadline motion for discovery. Allowing the Defendant to gather new third-party records at this late stage completely disrupts the final

pretrial disclosure landscape and directly defeats the core administrative purpose of the Final Pretrial Order [Doc. No. 137]. Additionally, this also would cause a grave injustice toward the Plaintiff because trial is on October 19, 2026 and this filing is taking place on October 2, 2026. In this case, the Plaintiff is already preparing for trial based strictly on the evidence exchanged during the active discovery window. Introducing new documents on the eve of trial completely fractures this preparation. If the Defendant is allowed to introduce new records to "refresh memory" or "impeach" a known witness, the Plaintiff is denied a meaningful opportunity to investigate the authenticity of those records, conduct follow-up depositions, or secure necessary rebuttal evidence. Also, allowing the Defendant to wait until the final pretrial phase to gather records rewards a complete lack of diligence. It creates an unequal playing field where the City faces no consequences for ignoring court-ordered deadlines, while the Plaintiff is heavily penalized for relying on them

**C. Defendant's Untimely Subpoena is an Impermissible Fishing Expedition and Trial by Ambush Executed Post-Final Pretrial Order**

The timing of Defendant's surprise filing run completely afoul of the principles of transparency underlying federal litigation. Issuing a standard discovery production demand hours after the entry of the Final Pretrial Order [Doc. No. 137] constitutes a classic fishing expedition. Defendant is hunting for undisclosed records long after the record has closed, seeking to construct a trial by ambush over a closed factual matter. Federal discovery structures are explicitly designed to eliminate surprise at trial. Under Federal Rule of Civil Procedure 26(c)(1), the Court is authorized to issue a protective order to shield a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Similarly, under Federal Rule of Civil Procedure 45(d)(3)(A)(iv), the Court must quash a subpoena that subjects a person

to undue burden. A party to a litigation has standing to move to quash a third-party subpoena where forcing compliance with an untimely subpoena after the final pretrial order has been entered places an undue tactical burden on trial preparation. Also, by launching an unpermitted, post-pretrial data extraction campaign, Defendant is seeking to create a procedural emergency on the eve of trial, forcing the Plaintiff to split his attention between trial preparation and filing this motion to quash.

## III. CONCLUSION

Because Defendant's Subpoena to AT&T Mobility was issued long after the discovery period closed and after the Final Pretrial Order was entered, it is procedurally barred. Plaintiff respectfully requests that this Court quash the subpoena and enter a protective order barring future filings for the requested evidence. The Plaintiff also asks this Court for anything else that this Court thinks is just.

Respectfully submitted this, the 2nd day of October, 2026.

By: /s/ DeMoreo Reddick, Esq.
DEMOREO REDDICK, ESQ.
COUNSEL FOR THE PLAINTIFF

OF COUNSEL:

REDDICK LAW FIRM, PLLC
DEMOREO REDDICK, ESQ.
MS BAR NO.: 103747
P.O. BOX 465
OKOLONA, MS 38860
PH: 662-436-4641
FAX: 662-256-3582

## CERTIFICATE OF SERVICE

I, DeMoreo Reddick, attorney for the Plaintiff, hereby certify that the foregoing document has been delivered to all counsel of record, either by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery, or electronic delivery, this the 2nd day of October, 2026.

/s/ DeMoreo Reddick, Esq.
DEMOREO REDDICK, ESQ.