**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**BARRY MCMILLIAN** **PLAINTIFF**

**v.** **No. 1:24-CV-199-GHD-RP**

**THE CITY OF ABERDEEN** **DEFENDANTS**

**ORDER**

This matter is before the court on the Plaintiff's Motion to Quash Defendant's Subpoena Duces Tecum to AT&T Mobility LLC and for a Protective Order. ECF 150. The defendant opposes the motion. The court finds the motion is well taken and should be granted.

**Relevant Procedural Background**

The plaintiff Barry McMillian seeks the recovery of damages and other relief against the defendant The City of Aberdeen for alleged Title VII and Section 1981 retaliation. McMillian claims his employment with the City was unlawfully terminated in retaliation for a charge he submitted to the EEOC alleging racial discrimination in employment. The City, on the other hand, asserts it terminated McMillian for stealing time from the City by asking a co-worker, Triron Brown, to clock him in and out of work on a day McMillian was absent from work. In support, the City has produced a copy of text messages obtained from Brown and purportedly showing McMillian's requests to clock him in and out. McMillian denies making the requests, and although Brown previously told the City that McMillian made the requests, Brown testified during his February 26, 2026 deposition in this matter that the subject texts could have come from his cousin Undrea Hogan and not McMillian.

The discovery period in this case ended on April 13, 2026. The court conducted a final

pretrial conference with counsel for the parties on September 18, 2026, and the Pretrial Order was entered on September 28, 2026. Later that same day, the City filed a notice of its intent to serve AT&T with a subpoena *duces tecum* for Brown's call detail records and text message metadata for the day the disputed text messages were sent and received. In the present motion, McMillian argues that the subpoena should be quashed as an improper attempt to circumvent the long-passed discovery deadline. The court agrees.

**Law and Analysis**

A subpoenas *duces tecum* "is a form of discovery." *Sawyer v. Hickey*, 68 F.3d 472 (5th Cir. 1995) (unpublished). "A party may not use third party subpoenas to circumvent the discovery deadline." *Tusa v. Israel & Sylvia Goldberg Properties, L.L.C.*, No. 23-1770, 2024 WL 4142833, at 3 (E.D. La. Aug. 20, 2024). "A subpoena duces tecum issued to a third party must comply with discovery deadlines to avoid being quashed." *Id.* "Further, courts have noted that parties should 'not be able to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced before discovery.'" *Rosciszewski v. Marquette Transportation Company, LLC*, No. 17-06592, 2018 WL 3475368, at *1 (E.D. La. Jul. 19, 2018) (quoting 9A Wright & Miller's Federal Practice & Procedure § 2452 (3d ed.)).

In the present case, the City argues that the subject subpoena is a trial subpoena and not a discovery subpoena that must comply with discovery requirements. The court is unpersuaded. The subpoena commands production of the subject records not at trial, but at the mailing address of the City's attorneys in this matter prior to trial. Moreover, the subpoena seeks the production of documents that could have been produced during discovery. "[W]hile subpoenas can be used to compel the production of documents at trial, they cannot be used 'as a means to engage in

further discovery.'" *American Honda Finance Corporation v. Salyer*, No. 3:03cv651-WHB-JCS, 2006 WL 2594543, at *1 (S.D. Miss. Sep. 8, 2006) (quoting *BASF Corp. v. Old World Trading Co.*, No. 86 C 5602, 1992 WL 24076, at *2 (N.D. Ill. Feb. 4, 1992)). "A subpoena can be quashed for being untimely if it is in effect a motion at trial for more discovery." *IQ Products Company v. Onyx Company*, 48 F.App'x 107, *3 (5th Cir. 2002) (citing *Comeaux v. Uniroyal Chem. Corp.*, 849 F.3d 191, 194 (5th Cir. 1988), *abrogation on other grounds recognized*, *Carroll v. General Acc. Ins. Co. of Am.*, 891 F.2d 1174, 1176 (5th Cir. 1990)). "[T]rial subpoenas are not intended as a backdoor for discovery that could have been obtained before trial." *Id.* at *4.

The City contends that it only learned of the need for Brown's phone records when McMillian argued in summary judgment briefing that the subject text messages were "completely misidentified" and he characterized Brown's deposition testimony as saying that the texts "had nothing to do" with McMillian. However, McMillian's characterization of Brown's deposition testimony in summary judgment arguments does not constitute newly discovered evidence revealing for the first time the potential relevance of Brown's phone records as the City suggests. The source of the subject text messages has long been in dispute in this case, and the City has been aware since at least the time of Brown's February 26, 2026 deposition that Brown will not confirm the texts were sent by McMillian. The City's argument in this regard is unavailing.

Also, citing a number of cases from outside the Fifth Circuit, the City argues that its subpoena is permissible because the subject records are sought solely for purposes of cross-examination and impeachment and therefore the subpoena is not subject to the discovery deadline. The court is unpersuaded. This very argument was addressed and rejected by one of

this court's sister district courts in *Williams v. Weems Community Mental Health Center*, in which the court explained, "This court has, however, taken the position that subpoenas are a form of discovery and subject to all of the strictures governing discovery, including the deadlines set in the Case Management Order." No. 4:04CV179LR, 2006 WL 905955, at *2 (S.D. Miss. Apr. 7, 2006).

For the above reasons, Plaintiff's Motion to Quash Defendant's Subpoena Duces Tecum to AT&T Mobility LLC and for a Protective Order [ECF 150] is GRANTED.

**SO ORDERED**, this the 7th day of October, 2026.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE