**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF**
**MISSISSIPPI**
**ABERDEEN DIVISION**

**BARRY MCMILLIAN** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.: 1:24-CV-199-GHD**

**CITY OF ABERDEEN, MISSISSIPPI**
**AND JOHN DOES 1-20** **DEFENDANTS**

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S URGENT AND NECESSITOUS OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER GRANTING PLAINTIFF'S MOTION TO QUASH**

---

Plaintiff, Barry McMillian ("McMillian"), files this Response in Opposition to Defendant City of Aberdeen's ("The City") Urgent and Necessitous Objections to the Magistrate Judge's Order [Doc. No. 163]. It must be noted, that Magistrate Judge Roy Percy's October 7, 2026 Order [Doc. No. 161] quashing Defendant's untimely, third-party subpoena is well-reasoned, fully supported by controlling Fifth Circuit law, and is neither clearly erroneous nor contrary to law. In support, Plaintiff states as follows:

## I. PROCEDURAL HISTORY AND MATERIAL FACTS

1. This is a Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Section 1981 retaliation case arising from the City's unlawful termination of Plaintiff.

2. On August 13, 2025, the Court entered its initial Case Management Order [Doc. 37], and the Order was later modified to establish a firm, final discovery cutoff date of April 13, 2026 [Doc. 86].

3. On February 26, 2026, during open discovery, the co-worker at the center of the dispute, Triron Brown, was deposed. Triron Brown testified under oath that the text messages used to justify Plaintiff's termination were actually not sent by Plaintiff, instead, he stated they originated from his cousin, Andre Hogan. *See* Triron Brown's Transcript, [Doc. 150-2, pg. 27-28]. Also, Triron Brown explicitly disclosed his active 2023 telephone number, **(662) 436-7632**, and confirmed that his carrier was AT&T Mobility LLC ("AT&T") at that time. *See* Triron Brown's Transcript, [Doc. 150-2, pg. 29-31]. He also confirmed his subsequent phone number of, **(662) 436-7735**, which was also with AT&T Mobility LLC. *Id.*

4. The City took no action to subpoena AT&T or verify these phone records during the remaining months of open discovery. The discovery deadline passed on April 13, 2026.

5. On September 18, 2026, the Court held a Final Pretrial Conference, and the binding Pretrial Order [Doc. No. 137] was entered on September 28, 2026.

6. Hours after the Pretrial Order was entered—and more than five months after the close of discovery—the City issued a surprise Notice of Intent to Serve a s*ubpoena duces tecum* on AT&T Mobility LLC, [Doc. 138], demanding compliance by October 9, 2026.

7. Critically, the subpoena [Doc. 138-1] commanded AT&T to deliver the records directly to the private office (mailing address) of Defendant's counsel (Phelps Dunbar, LLP) for pre-trial review, rather than to the courthouse at trial.

8. On October 7, 2026, Magistrate Judge Percy properly granted Plaintiff's Motion to Quash [Doc. 161], holding that a party cannot use an eleventh-hour third-party subpoena to circumvent a long-passed discovery deadline.

## II. LEGAL STANDARD

Under Local Rule 72(a)(1) and Federal Rule of Civil Procedure 72(a), a district judge may only modify or set aside a magistrate judge's non-dispositive order if it is "clearly erroneous or contrary to law." This standard is highly stringent.

## III. LAW AND ARGUMENT

### A. The Magistrate Judge Correctly Ruled that Rule 45 Subpoenas Are Forms of Discovery Subject to Case Management Deadlines.

The City's primary objection relies on a flawed premise: that a *subpoena duces tecum* issued to a third party for "impeachment" is exempted from scheduling orders. However, it is a rule within the Fifth Circuit that a Rule 45 *subpoena duces tecum* is a discovery device subject to the strictures governing discovery, including court-ordered deadlines. A *subpoenas duces tecum* "is a form of discovery." *Sawyer v. Hickey, 68 F.3d 472 (5th Cir. 1995) (unpublished).* "A party may not use third party subpoenas to circumvent the discovery deadline." *Tusa v. Israel & Sylvia Goldberg Properties, L.L.C., No. 23-1770, 2024 WL 4142833, at 3 (E.D. La. Aug. 20, 2024).* "A *subpoena duces tecum* issued to a third party must comply with discovery deadlines to avoid being quashed." *Id*. "Further, courts have noted that parties should 'not be able to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced before discovery." *Rosciszewski v. Marquette Transportation Company,* LLC, No. 17-06592, 2018 WL 3475368, at *1 (E.D. La. Jul. 19, 2018) (quoting 9A Wright & Miller's Federal Practice & Procedure § 2452 (3d ed.)).

Sister Courts within this state have consistently rejected the City's exact argument. In *Williams v. Weems Community Mental Health Center*, that Court explained, "This court has, however, taken the position that subpoenas are a form of discovery and subject to all of the strictures governing discovery, including the deadlines set in the Case Management Order." No.

4:04CV179LR, 2006 WL 905955, at *2 (S.D. Miss. Apr. 7, 2006). "[W]hile subpoenas can be used to compel the production of documents at trial, they cannot be used 'as a means to engage in further discovery.'" *American Honda Finance Corporation v. Salyer*, No. 3:03cv651-WHBJCS, 2006 WL 2594543, at *1 (S.D. Miss. Sep. 8, 2006) (quoting *BASF Corp. v. Old World Trading Co.*, No. 86 C 5602, 1992 WL 24076, at *2 (N.D. Ill. Feb. 4, 1992)). "A subpoena can be quashed for being untimely if it is in effect a motion at trial for more discovery." *IQ Products Company v. Onyx Company*, 48 F. App'x 107, *3 (5th Cir. 2002) (citing *Comeaux v. Uniroyal Chem. Corp.*, 849 F.3d 191, 194 (5th Cir. 1988), *abrogation on other grounds recognized*, *Carroll v. General Acc. Ins. Co. of Am.*, 891 F.2d 1174, 1176 (5th Cir. 1990)). "[T]rial subpoenas are not intended as a backdoor for discovery that could have been obtained before trial." *Id.* At *4.

Moreover, because City's subpoena was issued five months after the close of discovery, the Magistrate Judge's determination that it was an improper attempt to circumvent court deadlines is structurally sound and aligned with controlling precedent.

**B. The Mechanics of the Subpoena Prove It Is a Post-Deadline Discovery Extraction and not a "Trial Tool."**

The City attempts to bypass the law by labeling its request a "trial subpoena." As Judge Percy properly observed, the operational mechanics of the City's subpoena expose this label as a pretext.

The City did not command AT&T, LLC to appear at the trial on October 19, 2026 to produce records before a custodian of the Court. Instead, it ordered AT&T, LLC to deliver private text metadata and call logs directly to the private law offices ("mailing address") of Phelps Dunbar, LLP on or before October 9, 2026, for off-the-record pretrial review. *See* [138-1]

The Fifth Circuit has explicitly made clear that trial subpoenas are not a backdoor to secure materials that a party failed to request during the open discovery window. When a subpoena demands pre-trial delivery to private counsel after the close of discovery, it remains an unpermitted motion for additional discovery.

**C. The City Has Shown Zero Diligence to Justify a Modification of the Final Pretrial Order.**

The City's argument that it only realized the need for these records after summary judgment briefing is factually dishonest. The source and identity of the text messages have been actively disputed since the inception of this case.

The City had full knowledge of Triron Brown's active phone numbers and his AT&T mobile carrier as of his deposition on February 26, 2026. The City had nearly two months before the April 2026 discovery deadline to issue a timely third-party subpoena but they sat idly by intead. Under Federal Civil Procedure Rule 16(b)(4), a scheduling order may only be modified for good cause, which requires a showing of diligence by the moving party. The City's claim that it was "surprised" or "blindsided" by the dispute over the text messages is flatly contradicted by the record of this case. The identity of the sender—specifically whether it was actually Barry McMillian who asked Triron Brown to clock him in on the day in question—has been the absolute core of this litigation since its inception. More damaging to the City's argument, however, is the explicit testimony of Triron Brown on February 26, 2026—nearly two full months prior to the close of discovery. Under oath, Triron Brown openly refused to verify and testify that the Plaintiff was the sender of the text messages in question, instead, he testified that the requests came from his cousin Andre Hogan, and provided the City with his exact cell phone number and AT&T carrier details. The City was handed the keys to this third-party discovery

window in February 2026 and they chose to do absolutely nothing with it until hours after the final Pretrial Order was entered in late September. A party cannot claim "surprise" over whether Barry McMillian sent the clock-in requests when they actively cross-examined the witness on that exact topic seven to eight months ago; the City cannot now manufacture an emergency out of its own lack of due diligence. The City's failure to act on known details during open discovery completely bars its claims of an emergency or manifest injustice now.

**D. Overturning the Order Prejudices the Plaintiff and Endorses a "Trial by Ambush."**

Finally, Defendant's own Footnote 1 entirely betrays its "trial subpoena argument" and exposes it as a complete pretext. See [Defendant's Urgent and Necessitous Objections, Doc. No. 163, at pg. 2 n.1]. While the City spends pages arguing that a trial subpoena must practically allow for pre-trial delivery to be sent to its counsel's private office (mailing address), it admits in Footnote 1 that it is fully prepared to execute a proper trial subpoena by commanding an AT&T witness to appear physically at trial with the records in hand. This "belt-and-suspenders" admission proves that the City knows exactly how legitimate trial logistics operate under Rule 45. The City simply does not want a trial tool; it wants to conduct a post-deadline discovery review in its private offices to comb through metadata it neglected to seek during open discovery. The Court should not reward the City's strategic contradictory statements and actions. Allowing the City to seek unauthenticated third-party cellular metadata, now days before a jury trial, entirely fractures the Final Pretrial Order formalized under Federal Civil Procedure Rule 16(e).

Also, the targeted records are not listed as exhibits in the binding Final Pretrial Order, and they have never been provided to the Plaintiff. If the City is permitted to circumvent deadlines, the Plaintiff will be denied a meaningful opportunity to verify the authenticity of the

metadata, conduct follow-up depositions, or secure critical rebuttal evidence. Federal discovery rules exist specifically to eliminate surprise and to prevent trial by ambush; upholding Judge Percy's order preserves the integrity of these procedures.

## IV. CONCLUSION

The Magistrate Judge's Order granting Plaintiff's Motion to Quash is legally sound, and meticulously aligned with Fifth Circuit precedent, and fundamentally necessary to protect the Court's administrative deadlines from procedural abuse. Therefore, the Plaintiff respectfully requests that this Court **DENY** Defendant's Objections, **SUSTAIN** the Magistrate Judge's October 7, 2026 Order, and grant Plaintiff all other relief this Court deems equitable and just.

Respectfully submitted, this the 13th day, of October, 2026.

By: /s/ DeMoreo Reddick, Esq.
DEMOREO REDDICK, ESQ.
COUNSEL FOR THE
PLAINTIFF

OF COUNSEL:

REDDICK LAW FIRM, PLLC
DEMOREO REDDICK, ESQ.
MS BAR NO.: 103747
P.O. BOX 465
OKOLONA, MS 38860
PH: 662-436-4641
FAX: 662-256-3582

**CERTIFICATE OF SERVICE**

I, DeMoreo Reddick, attorney for the Plaintiff, hereby certify that the foregoing document has been delivered to all counsel of record, either by delivering a copy of same through the United States mail, first class postage prepaid, hand delivery, or electronic delivery, this the 13th day of October, 2026.

/s/ DeMoreo Reddick, Esq.
DEMOREO REDDICK, ESQ.