UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BARRY MCMILLIAN PLAINTIFF

V. CIVIL ACTION NO. 1:24-CV-199-GHD-RP

CITY OF ABERDEEN; et al. DEFENDANTS

ORDER OVERRULING DEFENDANT'S OBJECTION [163]

Before the Court is the City of Aberdeen's Objection [163] to Magistrate Judge Percy's Order [161] granting McMillian's Motion [150] to quash the City's subpoena *duces tecum* to AT&T Mobility LLC. The Objection [163] has been briefed and is ripe for review.

*Relevant Procedural Background*

This civil action stems from McMillian's alleged wrongful termination from his employment with the City of Aberdeen. The Amended Complaint [34] brings claims against the City under Title VII, 42 U.S.C. § 1981, and the FMLA. On September 15, 2026, this Court entered an Order [133] partially granting the City's Motion for Summary Judgment [110] and dismissing all of McMillian's claims with the exception of his Title VII and Section 1981 retaliation claims, which are based on his termination. *See* [133]. McMillian's remaining claims are premised on his contention that the City terminated him in retaliation for his filing of an EEOC charge against the City in March 2022.

This matter is set for trial beginning on October 19, 2026. This Court entered a Final Pretrial Order on September 28, 2026. On the same date, the City filed a Notice [138] of its intent to serve a subpoena *duces tecum* unto AT&T Mobility LLC pursuant to Rule 45 of the Federal Rules of Civil Procedure. *See* [138]. The subject subpoena seeks call-detail records and text-message metadata with respect to certain cell phone numbers attributed to McMillian's former co-

worker, Triron Brown.[1] Though McMillian denies making the request, the City has produced a copy of text messages obtained from Brown that purportedly show McMillian asking Brown to clock him in and out of work on a day on which McMillian was absent. The subpoena requests records only for the date in which the text message exchange occurred.

Following the City's filing of its Notice [138], McMillian filed a Motion to Quash [150] arguing that the subpoena improperly seeks to obtain discovery past the imposed discovery deadline. The discovery period in this case expired on April 13, 2026. In opposing McMillian's Motion [150], the City took the position that the subject subpoena was not an impermissible discovery subpoena but instead a trial subpoena.

On October 7, 2026, Magistrate Judge Percy entered an Order [161] granting McMillian's Motion to Quash [150]. The City timely filed an appeal of that decision arguing that Judge Percy's ruling was clearly erroneous and contrary to law for several reasons. *See* [163]. In response, McMillian contends that his Motion [150] was properly granted.

*Analysis and Discussion*

"A magistrate judge's non-dispositive order may only be set aside if it 'is clearly erroneous or is contrary to law.'" *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quoting FED. R. CIV. P. 72(a)). "Under Rule 72(a), 'the district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact.'" *Id.* at 808 n. 15. "The 'clearly erroneous' standard requires that the Court affirm the decision of the magistrate judge unless 'on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed.'" *Magana v. CoreCivic*, 2023 WL 372644 at *2 (N.D. Miss. Jan. 24, 2023) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948)).

[1] The City has since filed an Amended Notice [160], which modifies the cell phone numbers identified in the subpoena. *See* [160].

In its Objection [163], the City primarily argues that Magistrate Judge Percy "neglect[ed] the distinction between *trial subpoenas* and *discovery subpoenas*." [163] at p. 2 (emphasis in original). At the outset, the Court notes that Judge Percy acknowledged the City's position in this regard but nonetheless found its position unpersuasive as the City relied (and continues to rely) entirely on out-of-circuit cases to support its argument that the subject subpoena is in reality a trial subpoena. The Court is likewise unpersuaded by the City's argument that its subpoena is not an attempt to engage in further discovery.

It is well established in the Fifth Circuit that "[s]ubpoenas are a form of discovery and subject to all of the strictures governing discovery, including the deadlines set in the case management order." *Doherty v. Shelter Mut. Ins. Co.*, 2020 WL 6811118, at *4 (S.D. Miss. Apr. 13, 2020) (collecting cases); *see also Sussman v. Fin. Guards, LLC*, 2017 WL 11672894, at *4 (E.D. La. Dec. 12, 2017) ("Courts have held that Rule 45 subpoenas are subject to the same discovery deadlines and orders as any other type of discovery."). The deadline for discovery in this case expired on April 13, 2026, approximately five and a half months prior to the date the City filed its Notice [138]. *See* [86]. Thus, the Court agrees with Judge Percy that the City's subpoena is untimely and allowing it to proceed would circumvent the discovery deadline.

Citing the limited nature of discovery pursuant to the Federal Rules of Civil Procedure, the City argues that the documents sought by its subpoena could not have been the subject of a discovery request on its part as they are not relevant to either of the parties' claims or defenses. The Court finds this argument unavailing and contradictory to the City's position in this case. In fact, in moving for summary judgment, the City included information pertaining to the subject text message exchange in the "relevant factual background" section of its brief, as well as references to those messages and purported sender/source in arguing that it had a legitimate,

nondiscriminatory reason for terminating McMillian. *See* [111] at pp. 3, 8. The Court finds that the source of the text messages at issue is at minimum relevant to that aspect of the City's defense. Therefore, the City could have obtained those documents during the discovery period but it nonetheless failed to do so. Alternatively, the City argues that, even if the records at issue are relevant, Judge Percy erroneously concluded that there was no excuse for the City's failure to seek the records before the discovery deadline expired. The Court disagrees with the City.

In his Order [161], Judge Percy found that "[t]he source of the subject text messages has long been in dispute in this case, and the City has been aware since at least the time of Brown's February 26, 2026 deposition that Brown will not confirm the texts were sent by McMillian." [161] at p. 3. However, the City maintains its position that "Plaintiff's and Brown's story flipped *after* the discovery deadline." [163] at p. 5 (emphasis in original). The Court finds that position to be without merit. There is no dispute that Brown indicated during his deposition that the text messages at issue were potentially from a relative of his rather than from McMillian. As of the date of Brown's deposition in February 2026, a month and a half of the discovery window remained. Yet, the City took no action. Additionally, when asked about the subject text messages, McMillian testified during his deposition that his phone was in airplane mode at the time the messages were purportedly sent implying that he could not have been the sender of the message requesting Brown to clock him in. *See* [114], Ex. 5 at p. 124-25. McMillian was deposed on March 31, 2026, two weeks before expiration of the discovery deadline. The City still took no action and failed to subsequently seek an extension of the discovery deadline. In sum, because the City could have obtained the information it now seeks through its subpoena during the discovery period, the Court finds that Judge Percy did not err in granting McMillian's Motion to Quash [150]. *See Prewitt v. Mississippi State Univ.*, 2012 WL 13005949, at *1 (N.D. Miss. Aug. 10, 2012) (quoting *IQ Prods.*

*Co. v. Onyx Corp.*, 48 Fed. Appx. 107, *4 (5th Cir. Aug. 23, 2002)) ("Trial subpoenas are not intended as a backdoor for discovery that could have been obtained before trial.").

Finally, the Court addresses the City's argument that Judge Percy erroneously took issue with the subject subpoena's instruction for the documents be delivered to its counsel rather than to the courthouse. Specifically, the City argues that Judge Percy cited no authority "holding that a trial subpoena for documents to be used for impeachment must be mailed to the courthouse rather than to counsel." [163] at p. 1. The Court need not address this argument extensively as it would not change the outcome. In the Court's view, the fact that the subpoena does not instruct AT&T to produce the documents at trial simply undermines the City's characterization of the subpoena as a trial subpoena.

Irrespective of that observation, having considered the relevant authorities and the parties' arguments, the Court finds that the Magistrate Judge did not clearly err in granting McMillian's Motion to Quash [150].

*Conclusion*

For the reasons set forth above, the City's objections are hereby OVERRULED, and the Magistrate Judge's Order [161] is AFFIRMED in its entirety.

SO ORDERED, this the 15th day of October, 2026.

*/s/ Glen H. Davidson*______________
SENIOR U.S. DISTRICT JUDGE