**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**BARRY McMILLIAN** **Plaintiff**

**v.** **Civil Action No. 1:24CV199-GHD-RP**

**CITY OF ABERDEEN and
JOHN DOES 1-20** **Defendant(s)**

## COURT'S INSTRUCTION TO THE JURY

Members of the Jury:

Now that you have heard all of the evidence and the argument of counsel, it becomes my duty to give you the instructions of the court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you concerned with the wisdom of any rule of law stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy

or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. A state official is entitled to the same fair trial at your hands as is a private individual. The law is no respecter of persons, and all persons stand equal before the law and are to be dealt with as equals in a court of justice.

When the ~~state~~ a municipality is involved, of course, it may act only through natural persons as its agents or employees; and in general, any agent or employee of that ~~state~~ Municipality official may bind the state by her acts and declarations made while acting within the scope of her authority delegated to her by the state, or within the scope of her duties as an employee of the state.

As stated earlier, it is your duty to determine the facts, and in doing so you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony. In weighing the testimony of a witness you should consider his relationship to the plaintiff or to the defendant; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

The burden is on the Plaintiff in a civil action such as this to prove every essential element of his claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of the Plaintiff's claim by a preponderance of the evidence, the jury should find for the Defendant as to that claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BARRY MCMILLIAN PLAINTIFF

V. CIVIL ACTION NO. 1:24-CV-199-GHD-RP

CITY OF ABERDEEN; et al. DEFENDANTS

**COURT INSTRUCTION**

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII. To prove unlawful retaliation, the Plaintiff must prove by a preponderance of the evidence that:

1. he engaged in protected activity by filing a charge of discrimination with the Equal Employment Opportunity Commission; on March 7, 2022

2. the Defendant City of Aberdeen terminated the Plaintiff's employment; and

3. the Defendant City's decision to terminate the Plaintiff's employment was on account of his protected activity.

To find in favor of the Plaintiff, you need not find that the only reason for the Defendant City's termination decision was the Plaintiff's protected activity. But in order to find for the Plaintiff, you must find that the Defendant City's decision to terminate the Plaintiff's employment would not have occurred in the absence of — but for — his protected activity.

If you disbelieve the reason the Defendant City has given for its decision, you may, but are not required to, infer that Defendant City would not have decided to terminate the Plaintiff's employment but for his engaging in the protected activity.

**[[Fifth Cir. Pattern Jury Instr. 11.5]]**

## PROPOSED JURY INSTRUCTION D-3

*Majority of the Board*

The Court instructs you that Plaintiff must prove by a preponderance of the evidence that Plaintiff's March 7, 2022 Charge was the but-for cause of a majority of the Board's decision to vote in favor of Plaintiff's termination on December 5, 2023. Some members of the Board might have voted to discharge Plaintiff for different reasons or for a variety of different reasons. But to hold the City liable for retaliation, Plaintiff must have proven that two of the three Board members would not have voted to terminate him except for the fact that Plaintiff filed his March 7, 2022 Charge against the City.

If you do not find that at least two of the three Board members who voted to discharge Plaintiff would have voted to terminate Plaintiff even if he had not filed his March 7, 2022 EEOC Charge, you must find for the City.

## PROPOSED JURY INSTRUCTION D-4

*The City May Make an Erroneous Decision, Just not a Retaliatory Decision*

The Court instructs you that you are not to consider whether the City's proffered reason for terminating Plaintiff was fair or even correct. The law does not require employers to make correct decisions, only non-retaliatory ones. Employers may lawfully terminate employees for good reason, bad reason, or no reason at all—just not an *unlawful* reason.

In making employment decisions, an employer is entitled to make its own subjective judgments in conducting its business, and you should not engage in second-guessing those decisions. You may not substitute your own judgment for that of the City's Board of Aldermen, even though you may have acted differently or arrived at a different decision.

Under the law, an employment decision may be unfair or based on an incorrect understanding of the facts presented to the employer yet not be evidence of intentional retaliatory motive. You are simply to decide whether the City violated federal law as I have explained it to you—whether the City would not have terminated Plaintiff had Plaintiff not filed the March 7, 2022 Charge against the City.

If you find the City would have still terminated Plaintiff in December of 2023 in the absence of Plaintiff's March 7, 2022 Charge, then you must find for the City.

**PROPOSED JURY INSTRUCTION D-5**

*Comparator Evidence*

Plaintiff contends that the difference between Triron Brown's punishment and Plaintiff's punishment is evidence the City retaliated against Plaintiff for filing the March 7, 2022 Charge. The Court instructs you that evidence that a comparator was treated differently should only be considered in the but-for causation analysis insofar as you find that Triron Brown was similarly situated to Plaintiff, meaning that Triron Brown was treated more favorably than Plaintiff under nearly identical circumstances. In other words, before comparing the City's decisions regarding Triron Brown and Plaintiff, you must be able to find that Plaintiff and Triron Brown held the same job or job responsibilities, shared the same supervisor, and shared a similar history of violations or infringements. You must also find that Triron Brown and Plaintiff's conduct were similar in the circumstances leading to the City's decision as to each individual. If there are any differentiating circumstances, the Court instructs you to take those differences into consideration, but only insofar as they aid you in deciding the ultimate question whether Plaintiff was terminated because he filed the March 7, 2022 Charge.

If you find the City would have terminated Plaintiff's employment even if he had not filed his March 7, 2022 Charge, then you must find for the City.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BARRY MCMILLIAN — PLAINTIFF

V. — CIVIL ACTION NO. 1:24-CV-199-GHD-RP

CITY OF ABERDEEN; et al. — DEFENDANTS

**COURT INSTRUCTION**

If you found that the Defendant City violated Title VII or Section 1981, then you must determine whether it has caused the Plaintiff damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff has proved liability.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, the Plaintiff need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits the Plaintiff would have earned in his employment with the Defendant City if he had not been terminated from December 5, 2023, to the date of your verdict, minus the amount of earnings and benefits that Plaintiff received from employment during that time; (2) the amount of other damages sustained by the Plaintiff such as inconvenience or mental anguish.

Back pay includes the amounts the evidence shows Plaintiff would have earned had he remained an employee of the Defendant City. These amounts include wages or salary ~~and such~~

benefits as life and health insurance, stock options, and contributions to retirement. You must subtract the amounts of earnings and benefits the Defendant City proves by a preponderance of the evidence the Plaintiff received during the period in question.

**[[Fifth Cir. Pattern Jury Instr. 11.14]]**

**PROPOSED JURY INSTRUCTION D-9**

*Mitigation of Damages*

Plaintiff has a duty under the law to mitigate his damages, that is to exercise reasonable diligence under the circumstances to minimize his damages.

To succeed on this defense, the City must prove, by a preponderance of the evidence: (a) that there was substantially equivalent employment available; (b) Plaintiff failed to use reasonable diligence in seeking those positions; and (c) the amount by which Plaintiff's damages were increased by his failure to take such reasonable actions.

"Substantially equivalent employment" in this context means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job he lost. Plaintiff does not have to accept a job that is dissimilar to the one he lost, one that would be a demotion, or one that would be demeaning. The reasonableness of Plaintiff's diligence should be evaluated in light of his individual characteristics and the job market.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff for the harm he has sustained. Do not include as actual damages interest on wages or benefits.

If you find that Plaintiff has accepted employment paying as much or more than he made working for the City, you must find that he is fully mitigated as of the time he began that subsequent employment. In so finding, you may not award Plaintiff backpay damages after that date of employment.

**PROPOSED JURY INSTRUCTION D-10**

*Mental and Emotional Damages*

Plaintiff also contends that he should be compensated for past and future mental and emotional distress, should you find that Plaintiff has proved his claims against the City by a preponderance of the evidence. To recover compensatory damages for mental and emotional distress, Plaintiff must prove that he has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiff must support his claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

Of course, the fact that I have given you instructions concerning the issue of the Plaintiff's damages should not be interpreted in any way as an indication that I believe the Plaintiff should, or should not, prevail in this case.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges--judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you should first select one of your number to act as your foreman or forewoman who will preside over your deliberations and will be your spokesman here in court. A form of verdict has been prepared for your convenience.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BARRY MCMILLIAN PLAINTIFF

V. CIVIL ACTION NO. 1:24-CV-199-GHD-RP

CITY OF ABERDEEN; et al. DEFENDANTS

Plaintiff contends that the difference between Triron Brown's punishment and Plaintiff's punishment is evidence the City retaliated against Plaintiff for filing the March 7, 2022 Charge. The Court instructs you that evidence that a comparator was treated differently should only be considered in the but-for causation analysis insofar as you find that Triron Brown was similarly situated to Plaintiff, meaning that Triron Brown was treated more favorably than Plaintiff under nearly identical circumstances. In other words, before comparing the City's decisions regarding Triron Brown and Plaintiff, you must be able to find that Plaintiff and Triron Brown held the same job or job responsibilities, shared the same supervisor, and shared a similar history of violations or infringements. You must also find that Triron Brown and Plaintiff's conduct were similar in the circumstances leading to the City's decision as to each individual. If there are any differentiating circumstances, the Court instructs you to take those differences into consideration, but only insofar as they aid you in deciding the ultimate question whether Plaintiff was terminated because he filed the March 7, 2022 Charge.

If you find the City would have terminated Plaintiff's employment even if he had not filed his March 7, 2022 Charge, then you must find for the City.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BARRY MCMILLIAN PLAINTIFF

V. CIVIL ACTION NO. 1:24-CV-199-GHD-RP

CITY OF ABERDEEN; et al. DEFENDANTS

Plaintiff also contends that he should be compensated for past and future mental and emotional distress, should you find that Plaintiff has proved his claims against the City by a preponderance of the evidence. To recover compensatory damages for mental and emotional distress, Plaintiff must prove that he has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiff must support his claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BARRY MCMILLIAN — PLAINTIFF

V. — NO. 1:24-cv-00199-GHD-RP

THE CITY OF ABERDEEN — DEFENDANT

**VERDICT FORM**

**1.** Do you find in favor of the Plaintiff Barry McMillian on his claim of retaliation?

YES__________ NO__________

If you answered "NO" to Question 1, go directly to the signature section at the end of this verdict form and inform the bailiff that you have reached a verdict.

If you answered "YES" to Question No. 1 above, please answer Questions 2a and 2b below.

**2.**

a. What amount, if any, of actual damages do you award the Plaintiff for lost income from December 5, 2023, until the present date?

$____________

b. What amount, if any, of damages do you award Plaintiff for mental anxiety and stress?

$____________

______________________
Foreperson's Signature

______________________
Date

[Explain verdict]

You will take the verdict form to the jury room and when you have reached a unanimous agreement as to your verdict, you will have your foreman fill it in, date, and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreman or forewoman, and pass the note to the Court Security Officer who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.