**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**BARRY MCMILLIAN** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.: 1:24-CV-199-GHD**

**THE CITY OF ABERDEEN**
**AND JOHN DOES 1-20** **DEFENDANTS**

---

**INSTRUCTION P-4**

---

In order to prevail on his claim of retaliation for making an EEOC charge, Plaintiff does not have to prove that his EEOC charge actually had merit or was correct. In order to be protected by the anti-retaliation provisions of federal law, it is enough that Barry McMillian reasonably believed that he was being discriminated against.

Refused
Argument

AUTHORITIES

*Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1210 (5th Cir. 2021)(as revised November 26, 2021).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**BARRY MCMILLIAN** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.: 1:24-CV-199-GHD**

**THE CITY OF ABERDEEN**
**AND JOHN DOES 1-20** **DEFENDANTS**

---

**INSTRUCTION P-5**

---

In order to prevail on his claim of retaliation for making an EEOC charge, Plaintiff does not have to prove that his EEOC charge actually had merit or was correct. In order to be protected by the anti-retaliation provisions of federal law, it is enough that Barry McMillian reasonably believed that that the practice was unlawful.

Refused

AUTHORITIES

*Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1210 (5th Cir. 2021)(as revised November 26, 2021).

**PROPOSED JURY INSTRUCTION D-2**

*But-For Causation*

It is unlawful for an employer to retaliate against an employee for filing an EEOC Charge against it. To prove unlawful retaliation, Plaintiff must prove by a preponderance of the evidence (more likely than not) that the City would not have terminated Plaintiff but for the fact he filed the March 7, 2022 Charge.

The question before you is whether the City would have terminated Plaintiff in December of 2023 in the absence of Plaintiff's March 7, 2022 Charge. Plaintiff does not need to prove that his filing of the March 7, 2022 Charge is the only reason the City terminated him. However, he must prove that he would not have been terminated in the absence of—but for—his filing the March 7, 2022 Charge.

If you find that, all other things remaining the same, the City would have still terminated Plaintiff in the absence of his March 7, 2022 Charge, then you may not find the City liable to Plaintiff.

Refused
Covered by Ct's
Instruction



PD.64100912.1

**PROPOSED JURY INSTRUCTION D-6**

*Compliance with Disciplinary Policies*

Plaintiff contends that the City's decision to terminate him is inconsistent with the City's progressive discipline policy. In other words, Plaintiff contends that because the City's policies suggest that an employee should first be suspended before being terminated, absent a serious offense, the City's decision to terminate Plaintiff rather than suspend Plaintiff is evidence of retaliatory intent. The City contends that it did not violate its policies by terminating Plaintiff.

By giving you this instruction, the Court does not mean to suggest the City violated its own policies. That is a question for you to decide. But even if you find the City violated its own policies, the Court further instructs you that the City's purported failure to follow its internal policies is not enough by itself to hold the City liable—the question before you is not whether the City's employment decision was correct or arbitrary according to the City's own policies. Rather, you may only consider a purported failure to follow internal policy insofar as it aids you in answering the ultimate question in this case of whether the City would not have terminated Plaintiff but for Plaintiff's March 7, 2022 Charge.

If you find the City would have terminated Plaintiff's employment even if he had not filed his March 7, 2022 Charge, then you must find for the City.

Refused Argument

**PROPOSED JURY INSTRUCTION D-11**

*Temporal Proximity*

The temporal proximity between Plaintiff's March 7, 2022 Charge and his December 5, 2023 termination is relevant in determining whether his March 7, 2022 Charge was the but-for cause of his December 5, 2023 termination. The Court instructs you that Plaintiff's termination came approximately twenty-one months after the filing of his March 7, 2022 Charge. You must consider that length of time in determining whether the March 7, 2022 Charge was the but-for cause of Plaintiff's December 5, 2023 termination. To find that temporal proximity suggests causation, you must find that Plaintiff's March 7, 2022 Chard and his December 5, 2023 termination were "very close in time." Still, even if you find that the two actions are "very close" in time, such temporal proximity must be viewed in context with the other evidence.

If you do not find that Plaintiff's March 7, 2022 Charge was the but-for cause of his termination, you must find for the City.

Argument

Refused.

**Sources for D-11**

*Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001) (gathering cases holding that 3 months, 4 months, and 20 months were insufficient to establish causation).

*Brown v. Wal-Mart Stores East, L.P.*, 969 F.3d 571, 579 (5th Cir. 2020) (holding that "temporal proximity . . . is relevant to . . . . but-for causation.").

*Brown v. Wal-Mart Stores East, L.P.*, 969 F.3d 571, 578 (5th Cir. 2020) ("The protected act and the adverse employment action must be very close in time to establish causation by timing alone." (quoting *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 948 (5th Cir. 2015))).

*Harmon v. Collier*, 158 F.4th 595, 618 (5th Cir. 2025) ("[T] emporal proximity is just one of the elements in the entire calculation. . . . [T]emporal proximity between protected activity and an adverse employment actions should be viewed in the context of other evidence." (quotation marks and citations omitted)).

**DEFENDANT'S PROPOSED JURY INTERROGATORY AND VERDICT FORM**

*Instructions*

Jury interrogatories and a verdict form have been prepared for your convenience. I will review these with you now, and afterwards you will take them with you to the jury room.

In order for you as a jury to answer a question, each and every juror must agree to the answer. In other words, your answers to each question must be unanimous. Your foreperson will write the unanimous answer of the jury in the space provided after each question and will date and sign the form of verdict when completed.

Nothing said in the verdict form is meant to suggest what your verdict should be. You alone have the responsibility for deciding the verdict.

**CLAIM 1: RETALIATION**

1. Did Plaintiff prove, by a preponderance of the evidence, that his filing of the March 7, 2022 EEOC Charge of Discrimination was the but-for cause of the City's decision to terminate him? (*See Jury Instruction Nos. 2 and 3*)

YES ______ NO ______

**Answer the following questions only if you answered "YES" to Question 1. If you answered "NO" Question 1, then skip the remaining questions.**

2. If you answered "YES" to Question 1, you may award damages to Plaintiff. For Claim 1, we the jury award find that the City is liable to Plaintiff for the damages in the amount of

$__________ for back pay.

$__________ for past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

$__________ for future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

Refused